### MICHAEL ROSKEE *vs.* MOUNT TOM SULPHITE PULP COMPANY.

Hampshire.    October 20, 1897. — November 23, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Personal Injuries — Master and Servant — Defective Machine — Instructions — Evidence — Exceptions.*

In an action for personal injuries occasioned to the plaintiff, while in the defendant's employ, by the alleged jumping of a table on which boards were placed to be sawed by a circular saw in the plaintiff's charge, a person who has been foreman in the room, and has inspected the table just after the accident, is properly allowed to testify that, about six days later, the condition of the table being the same so far as he knew, he took the bolts out of each end of the table and loosened the back and saw no effect in making the table jump, and his statement is not made inadmissible by the fact that later, on cross-examination, he said that he did not remember that he touched the right hand bolt, especially if, even as qualified, the evidence tends to contradict the plaintiff's witnesses.

At the trial of an action for personal injuries occasioned to the plaintiff, while in the defendant's employ, by the alleged jumping of a table on which boards were placed to be sawed by a circular saw in the plaintiff's charge, a witness who has been foreman in the room is properly allowed to state that the effect of looseness sufficient to permit the saw to strike the sides of the slots in which it revolved would be to drive the table from the saw, not to draw it towards it, having previously stated that he thought he had experience, and had noticed what the effect would be.

At the trial of an action for personal injuries occasioned to the plaintiff, while in the defendant's employ, by the alleged jumping of a table on which boards were placed to be sawed by a circular saw in the plaintiff's charge, an expert machinist was asked the following question: " Assuming . . . that the right hand bolt was somewhat loose, the left hand bolt is out completely, and that rear block there is loose enough to have the bolt put right down through into the hole, what effect, if any, could that have on the jumping of the saw table, in consequence of the saw striking the metal or on the saw table ? " *Held,* that the question was properly admitted.

The bill of exceptions in this case was criticised for setting out immaterial evidence in the form of question and answer at great length, instead of condensing

the material portions into a short narrative.  It was also said that only the material portions of the charge to the jury, not the whole charge, should be printed.

TORT, for personal injuries occasioned to the plaintiff, while in the defendant's employ, by the alleged negligence of the defendant.   At the trial in the Superior Court, before *Maynard*, J., the jury returned a verdict for the defendant ; and the plaintiff alleged exceptions, which appear in the opinion.

*A. L. Green & W. C. Heywood*, for the plaintiff.

*W. H. Brooks & W. Hamilton*, for the defendant.

HOLMES, J.   This is an action of tort for the loss of the plaintiff's fingers, caused, as the plaintiff alleges, by the jumping of a table on which boards were placed to be sawed by a circular saw in charge of the plaintiff.   Both parties tried the case on the footing that the table was in the same condition as when the plaintiff began his employment at it, a considerable time before ; but the defendant said that the table was safe, unless it had been left unscrewed by the plaintiff or a fellow workman on the occasion of changing saws ; the plaintiff said that it was unsafe from the beginning, by reason of certain defects. We assume that there was evidence to warrant each view of the facts.   The defendant's evidence also tended to show that the accident could not have happened as alleged, and that it happened in a different way.   If the plaintiff's evidence had been believed by the jury, we are at a loss to see how he could have avoided the objection that the danger was obvious, and that the proximate cause of the injury was his own negligence in continuing to work on the machine.   Or, if the accident had been due to the failure to screw the table firmly down after it had been unscrewed in order to change saws, the neglect must have been the plaintiff's own or that of a fellow workman.   The defendant furnished sufficient bolts and nuts.   But the judge left the case to the jury, and in his charge instructed them that if the machine was in an improper condition at the time when the plaintiff came into the defendant's employ, " if you find it was out of repair in such a way as to be carelessness on the part of the defendant, and if you find it continued in that condition and was not put in repair afterwards, why then you may find that the corporation was negligent in that respect."   At the end of

the charge the plaintiff requested this additional ruling: " If the table had been in a dangerous condition owing to lack of bolts and looseness of parts, etc., and had been in such a condition so long that the company knew or ought to have known its condition, and from the length of time it remained in that condition knew or ought to have known that its servants were not repairing it, defendant was negligent in not having the repairs made." This was refused, and the plaintiff excepted.

So far as appears, the judge properly refused the ruling, on the ground that it was an attempt to get a last word with the jury when the proper time for requests for rulings had gone by, and when the judge already had instructed them to the same effect, although with somewhat less of detail, and more correctly. The form in which the request was cast by the plaintiff, without further explanation, naturally would have led the jury to suppose that, if the facts stated were true, the defendant was liable, whereas, if the defendant ought to have known the danger, a competent workman who was at the machine ought to have known it equally well, and the risk was his if he chose to keep at work and say nothing.

An exception was taken to the admission of evidence of one Spencer, — who had been foreman in the room and had inspected the table just after the accident, — that about six days later, the condition of the table being the same so far as he knew, he took the bolts out of each end of the table and loosened the back, and saw no effect in making the table jump.    So far as appeared when the evidence was admitted, the experiments were instructive.    It is urged that later, in cross-examination, the witness said that he did not remember that he touched the right hand bolt.    If that had invalidated the experiments it would not have shown that the statement as first made was inadmissible.    But even as qualified the evidence tended to contradict the plaintiff's witnesses.

· Spencer was allowed to state that the effect of looseness sufficient to permit the saw to strike the sides of the slots in which it revolved would be to drive the table from the saw, not to draw it towards it, having previously stated that he thought he had experience and had noticed what the effect would be.    If the plaintiff denied the proposition, it was proper for an ex-

perienced man to prove it.   If he admitted it, the evidence did no harm.

An expert machinist was allowed to answer the following question: "Assuming . . . that the right hand bolt was somewhat loose, the left hand bolt is out completely, and that rear block there is loose enough to have the bolt put right down through into the hole, what effect, if any, could that have on the jumping of the saw table, in consequence of the saw striking the metal or on the saw table?" No objection to the qualification of the expert was taken, or, so far as appears, could have been maintained. It is objected that the hypothesis does not include a split bolt hole on the right hand side, but that is material only as tending to make the bolt loose, as was supposed, and moreover the defendant denied the defect. The defendant had a right to show how the machine would work if its evidence was true, as well as in the opposite case.

. The exceptions in this case, as in several others which lately have come before us, are open to criticism for setting out immaterial evidence in the form of question and answer at great length, instead of condensing the material portions into a short narrative, which easily might have been done. We may mention with reference to a growing practice, — not pursued in this case, however, — that only the material portions of the charge should be printed; not the whole charge, as has been done several times.                                          *Exceptions overruled.*