ARTHUR A. SMITH *vs.* FRANK A. GAMMINO.

Bristol.    October 23, 1916. — November 29, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Evidence,* Photographs, Competency, Remoteness.    *Negligence,* In maintaining unguarded steam pump in highway, Customary method as defence.

At the trial of an action for personal injuries sustained by a boy eight years of age from being struck by a jet of hot water from a steam pump maintained in a public street by the defendant, who was constructing a sewer, the plaintiff introduced in evidence, without objection, certain photographs of the pump and its surroundings, which could be found to have been taken four days after the injury. A witness for the plaintiff testified that "the appearance of the pump and of the street in the photographs" was the same as when he saw them the day after the injury. Subject to the defendant's exception, the presiding judge admitted the testimony of another witness that, from his observation of the pump four or five times a week for approximately four weeks preceding the injury and for two weeks after it, the representations in the photographs corresponded with his recollection. *Held,* that the evidence was clearly admissible, its weight and application being for the jury under proper instructions.

In the same case it was *held* that the defendant's night watchman, called by the plaintiff as a witness, who had a fireman's license of the first class, properly was allowed to explain the location of the shut-off valve, which was not shown in the photographs, and also to state that the pump was a suction pump which would have to be primed with water "in order to get a lift," this being competent to show the construction and method of operation of the pump.

In the same case it also was *held,* that the presiding judge was right in excluding the question, asked the defendant by his counsel, "Now, was the way in which this pump was put in place and guarded by this fence the usual way in which pumps were installed and guarded in work of that kind?" and in ruling that "proof of the usual mode of installing and guarding similar pumps would not be a defence if the jury found that the defendant knew or in the exercise of due diligence should have known that, because of its location, the operation of the pump might endanger the safety of persons using the street."

TORT for personal injuries sustained by the plaintiff on June 26, 1913, when he was eight years of age, from being scalded by hot water from a steam pump maintained by the defendant in Cove Road, a public highway in New Bedford, where the defendant was engaged in constructing a sewer, it being alleged that the pump was left carelessly in the highway without guard, fence or warning and that it was operated negligently and recklessly. Writ dated October 11, 1913.

In the Superior Court the case was tried before *King*, J. It appeared that the plaintiff was playing marbles with another boy in the street and that one of the marbles rolled down under the pipe of the pump and that the plaintiff went to get it, when the water spirted out and scalded him. The jury returned a verdict for the plaintiff in the sum of $1,800; and the defendant alleged exceptions to the admission and exclusion of evidence which are described in the opinion.

*H. D. Crowley*, for the defendant, submitted a brief.

*H. E. Woodward*, for the plaintiff.

BRALEY, J. The plaintiff, a boy of eight years, while at play in a public highway was injured by a jet or stream of hot water thrown upon him by a steam pump and pipe owned or controlled by the defendant. And, the plaintiff having recovered a verdict, the case is here on the defendant's exceptions to the admission and exclusion of evidence.

The plaintiff without objection having put in evidence certain photographs of the pump with its surroundings, which the jury could find were taken within four days after the accident and a witness for the plaintiff, whose evidence the jury were at liberty to believe, having testified that "the appearance of the pump and of the street in the photographs" was the same as when he saw them the day after the injury, the testimony of another witness that from his observation of the pump four or five times a week for approximately four weeks preceding, and two weeks after the event, the representations in the photographs corresponded with his recollection, was clearly admissible. Its weight and application were for the jury under proper instructions. *Laplante* v. *Warren Cotton Mills*, 165 Mass. 487, 489. *Shepard* v. *Creamer*, 160 Mass. 496. *White Sewing Machine Co.* v. *Phenix Nerve Beverage Co.* 188 Mass. 407, 408.

The testimony of one Hall, the defendant's night watchman who operated the pump and had a fireman's license of the first class, presumably granted under R. L. c. 102, § 81, as amended by St. 1905, c. 310, § 1, and St. 1911, c. 562, § 3, when called as a witness by the plaintiff, explaining the location of the shut-off valve, which was not shown in the photographs, as well as his statement that the pump was a suction pump which would have to be primed with water "in order to get a lift," also was competent to show the construction and method of operation. *Roskee* v. *Mount Tom Sulphite Pulp Co.* 169 Mass. 528.

The question put to the defendant by his counsel, "Now, was the way in which this pump was put in place and guarded by this fence the usual way in which pumps were installed and guarded in work of that kind?" was excluded rightly. While the defendant was entitled, as the judge correctly ruled, "to show . . . in detail how that pump was placed, how it was guarded, and everything in that regard relevant or competent upon that point," proof of the usual mode of installing and guarding similar pumps would not be a defence if the jury found that the defendant knew or in the exercise of due diligence should have known that, because of its location, the operation of the pump might endanger the safety of persons using the street. *Shepard* v. *Creamer*, 160 Mass. 496, 498. *French* v. *Sabin*, 202 Mass. 240, 243.

We have considered all the exceptions which have been argued, and finding no error of law they must be overruled.

*So ordered.*