THOMAS S. WILSON *vs.* FREDERICK C. ALEXANDER.

Suffolk.    March 4, 1918. — May 24, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Employer's liability.

In an action by a carpenter against his employer for personal injuries sustained before the workmen's compensation act took effect, it appeared that the plaintiff was injured when he was at work piling sawed hard pine lumber by means of an engine, a derrick and a pair of tongs and that one of the timbers slipped from the tongs and struck the plaintiff on the head. There was evidence that the tongs were unsuitable for hoisting such timbers, being intended for use only in handling round logs and that the only safe tongs for such timbers were chain tongs, which easily could be had in the open market. The jury found, in answer

to special questions, that the tongs supplied by the defendant were in common use for the purpose for which the defendant used them and were used commonly by contractors and builders for such work. The jury returned a general verdict for the plaintiff, but the judge ruled that on the special findings the action could not be maintained. *Held,* that the ruling was wrong; because, if the tongs were unsuitable and unsafe and the defendant in the exercise of reasonable diligence should have known this, it was no defence for him that he had proceeded in the usual manner pursued by other builders under like circumstances.

TORT by a carpenter for personal injuries sustained on September 8, 1911, while in the employ of the defendant, who was constructing a large building at No. 28 Medway Street in the part of Boston called South Boston, by being struck on the head by a sawed hard pine timber which slipped from the tongs by which it was being hoisted. Writ dated January 15, 1912.

In the Superior Court the case was tried before *J. F. Brown,* J. The evidence is described in the opinion. The special questions submitted to the jury, there referred to, were as follows:

"1. Were tongs of the kind supplied by the defendant in common use by builders and contractors for the purpose for which the plaintiff was using them?

"2. Were the tongs sold to the defendant as an appliance commonly used by contractors and builders for the purpose for which the plaintiff was using them?"

To each of these questions the jury answered, "Yes." The jury returned a verdict for the plaintiff in the sum of $1,500, and thereupon the judge, subject to the plaintiff's exception, set aside the verdict and, upon the answers to the questions submitted to the jury, ordered a verdict for the defendant and by agreement of the parties reported the case for determination by this court. If the rulings of the judge were right, the verdict for the defendant was to stand; otherwise, a verdict was to be entered for the plaintiff in the sum of $1,500.

*J. W. McAnarney & T. F. McAnarney,* for the plaintiff.

*E. C. Stone,* for the defendant.

BRALEY, J. It is not contended that as matter of law the plaintiff was careless or assumed the risk, and the only question is whether there was any evidence of the defendant's negligence. The jury were warranted in finding that while the plaintiff was at work piling "sawed hard pine timber" of different lengths by means of a steam engine, a derrick and a pair of tongs which were

placed on either side of the timber, one of the timbers slipped from the tongs and fell, striking him on the head and causing the injuries for which damages are sought.

It also was uncontradicted that, when in operation, the tongs did not sink into or "bite" the timber, but worked "like a clamp." An expert called by the plaintiff testified not only that the tongs were unsuitable for hoisting such timbers because made and intended for use in handling round logs, and that the only safe tongs were chain tongs which "could easily be had in the open market." If this evidence was believed, the duty of the defendant to provide reasonably safe tools or appliances with which the plaintiff was to perform his work had not been discharged.

But, the defendant having introduced evidence from which the jury in answer to special questions found that the tongs supplied were in common use for the purpose for which the defendant furnished them and were commonly used by contractors and builders in such work, the presiding judge, notwithstanding a general verdict for the plaintiff, ruled that the action could not be maintained.

The ruling was wrong. The defendant undoubtedly was not required to provide for the use of his employees the latest or safest appliances, even if in the opinion of competent mechanical experts such appliances would have been more suitable or less dangerous. *Sullivan* v. *India Manuf. Co.* 113 Mass. 396. *Wolfe* v. *New Bedford Cordage Co.* 189 Mass. 591. But the jury on conflicting evidence were to say whether the tongs were made for or properly adapted to the use to which they were put, and this essential element is lacking in the questions submitted. The facts, that other employers furnished similar appliances for use in similar work and that the tongs were purchased from a reputable maker do not as matter of law relieve the defendant, if the appliance furnished, although perfect in mechanism, is found to be unsuitable and unsafe, which condition the defendant knew or in the exercise of reasonable diligence should have known. *Myers* v. *Hudson Iron Co.* 150 Mass. 125, 138. *Geloneck* v. *Dean Steam Pump Co.* 165 Mass. 202, 217. *Slattery* v. *Walker & Pratt Manuf. Co.* 179 Mass. 307, 312. See also *Feeney* v. *York Manuf. Co.* 189 Mass. 336. As said by Colt, J., in *Hill* v. *Winsor*, 118 Mass. 251, 259, "there is no rule of law which exempts one from the consequences of his negligent conduct upon proof that he proceeded in the usual man-

ner and took the usual course pursued by parties similarly situated, although he was without notice that he could not safely do so."

By the terms of the report the plaintiff is to have judgment for the amount stipulated.

*So ordered.*