## BOWEN, INC. *vs.* G. R. ARMSTRONG MANUFACTURERS' SUPPLIES, INC.

Suffolk.  February 14, 1922. — June 5, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Evidence,* Of custom, Competency.  *Bailment.  Custom.  Res Judicata.  Practice, Civil,* Set-off, Recoupment.

At the trial of an action of tort for damages resulting from loss by the defendant of an express receipt, it appeared that the plaintiff on January 8 ordered goods of the defendant for shipment to England, that on January 12 the plaintiff inspected the goods, supervised the packing and marked them for shipment to a firm in New York; that the goods remained in the possession of the defendant until January 16 when the plaintiff informed the defendant that it was imperative that they get to New York by the next morning and that the defendant said he would do all he could to have them delivered to an express company. There was evidence that the defendant delivered the goods to a forwarder and received from him a receipt from an express company and that he lost the receipt. Actions by the plaintiff against the express company and an insurance company insuring the plaintiff against theft while goods were in the possession of a common carrier had resulted in verdicts for the defendants on the ground that the goods never were delivered to the express company; and an action by the defendant against the plaintiff for the price of the goods had been maintained because the title had passed to the plaintiff before the plaintiff had instructed the defendant to ship them to New York.  *Held,* that

(1) Evidence properly was admitted of a general custom of the trade in which both parties were engaged, that a seller in shipping goods is to deliver the same f. o. b. (which means free on board) to the railroad, express, or steamship company or other carrier;

(2) Evidence properly was admitted of a general and long established custom that receipts taken for goods shipped are retained by the shippers in a special file to hold for their customers "in case that at any future time there shall be any question come up as to the delivery, and they are used in order to assist in proving delivery and to assist in tracing the shipment that may be lost;"

(3) Evidence properly was admitted of a general custom that in shipments out of the State the shipper is to attach the express receipt or bill of lading, or a copy of it, to the invoice at the time it is rendered to his consignees; that this custom applies only to purely foreign shipments; that "the shippers on domestic business preserve their own shipping documents.  In frequent instances at the request of consignees, these documents are attached and sent to the consignees;"

(4) Title to the goods passed to the plaintiff on January 12;

(5) The evidence of custom, with the other evidence, tended to show that the defendant was not a gratuitous bailee of the receipt, but was a bailee for hire and bound to use ordinary care in preserving it; and also tended to establish what was ordinary care in the circumstances;

(6) Evidence of a custom, by which the vendor takes and retains shipping receipts for the use of the vendee in case of a failure on the part of the carrier to deliver the goods and for the purpose of tracing them, was not inconsistent with the contract of sale and did not tend to contradict or to add to its terms;

(7) The title to the goods having passed to the plaintiff on January 12, the judgment against him in the action for their price was not *res judicata* in this action.

The defendant in an action for the price of goods sold and delivered is not bound to set up claims in set-off and recoupment, but may resort to separate actions for damages to enforce claims which he might so set up; and in those circumstances such claims would not be barred by a judgment against him in the action for the purchase price.

TORT OR CONTRACT with a declaration in two counts, one in tort and one in contract, for damages resulting from the loss by the defendant of an express receipt for goods sold and delivered by the defendant to the plaintiff. Writ dated March 21, 1919.

In the Superior Court, the action was tried before *O'Connell*, J. Material evidence and exceptions saved by the defendant are described in the opinion. At the close of the evidence, the plaintiff waived its count in contract. There was a verdict for the plaintiff on the count in tort in the sum of $763.88; and the defendant alleged exceptions.

*J. H. Devine*, for the defendant.

*L. Powers*, for the plaintiff.

CROSBY, J. This is an action to recover damages sustained by the plaintiff and alleged to have been caused by the negligence of the defendant in losing an express receipt. The declaration contains two counts, one in contract, the other in tort. At the close of the evidence the count in contract was waived. The case is before this court on exceptions of the defendant to the admission of certain evidence of custom and to the refusal of the trial judge to rule as requested.

The plaintiff through its agent, one Marks, ordered from the defendant a case of drills for shipment to England. This was confirmed in writing by the plaintiff on January 8, 1918, and on January 12, Marks inspected the drills, supervised the packing, and marked them for shipment to Neth and McKay, New York City. It is plain that on the last date the title passed to the plaintiff. The goods remained in the possession of the defendant until January 16, 1918, when, about six o'clock in the afternoon, Marks telephoned to George R. Armstrong, president of the defendant

company, that it was imperative that the goods "get to New York by the next morning," and Armstrong said that he would do all he could to have the box delivered to the express company; he delivered it to a teamster of one Knight, a forwarder, about 6:45 o'clock that evening. No receipt for the box was received from the teamster at that time and the latter did not sign therefor in any book, although one was kept by the defendant for that purpose. About seven o'clock the next night the teamster gave Armstrong an Adams Express Company receipt for the goods. Armstrong testified that he could not recall exactly what he did with the receipt. He further testified: "I either put it on my desk with other papers to be filed in the morning or I put it in my pocket. I cannot say just exactly what I did. I cannot remember. It was put with other papers in my pocket. It was mislaid;" that possibly it went in his pocket to the tailor's; that the defendant had a file for express receipts for goods shipped for customers; that this receipt was not put in the file. The goods never were received by the consignees who were to ship them to England with other goods of the plaintiff.

The record shows that the plaintiff brought actions in the Municipal Court of the City of Boston against the Adams Express Company, and against an insurance company on a policy insuring it against theft of the goods while in the possession of a common carrier. The finding was for the defendant in each action, and in each, the court found that the goods never were delivered to the express company. An action, brought by the defendant in the case at bar against the plaintiff for the price of the goods, was tried with those above referred to and judgment was entered for the Armstrong company, and later was paid; in that case the court found that the title to the goods passed to Bowen, Inc. before the telephone instructions were given to deliver them to an express company.

The plaintiff offered, subject to the defendant's exception, evidence of the general custom of the trade in which both parties were engaged, that a seller in shipping goods is to deliver the same f. o. b. (which means free on board) to the railroad, express, or steamship company or other carrier. This evidence was properly admitted, and taken in connection with the express undertaking of the defendant to deliver the goods to the express com-

pany it could have been found that in making the shipment and taking a receipt from the carrier the defendant was not acting gratuitously but was performing a part of its contract of sale. *Hubbard* v. *Coolidge,* 1 Met. 84, 92.   *Newhall* v. *Paige,* 10 Gray, 366.   *Coe* v. *Ricker,* 214 Mass. 212.

The defendant also excepted to the admission in evidence of a general and long established custom that receipts taken for goods shipped are retained by the shipper in a special file to hold for their customers "in case that at any future time there shall be any question come up as to the delivery, and they are used in order to assist in proving delivery and to assist in tracing the shipment that may be lost."

The plaintiff also offered in evidence a general custom that in shipments out of the State the shipper is to attach the express receipt or bill of lading, or a copy of it to the invoice at the time it is rendered to his consignees; that this custom applies only to purely foreign shipments.   "That the shippers on domestic business preserve their own shipping documents.   In frequent instances at the request of consignees, these documents are attached and sent to the consignees."

We are of opinion that the evidence of custom was rightly admitted and in connection with the other evidence the jury could have found that the defendant was not a gratuitous bailee of the receipt, but was a bailee for hire and bound to use ordinary care in preserving it.   Evidence as to the method of preserving express receipts for goods shipped, and shown by a well established general custom, would have some bearing upon what is ordinary care. *Cass* v. *Boston & Lowell Railroad,* 14 Allen, 448, 450.   *Maynard* v. *Buck,* 100 Mass. 40, 43.   The evidence of custom, by which the vendor takes and retains shipping receipts for the use of the vendee in case of a failure on the part of the carrier to deliver the goods and for the purpose of tracing them, is not inconsistent with the contract of sale and does not tend to contradict or add to its terms.   The custom is merely incidental to the contract and tacitly made a part thereof.   *Menage* v. *Rosenthal,* 175 Mass. 358, 360, 361.   The instructions of the judge are not before us and we must assume that he fully and accurately explained to the jury the proper application of this evidence.   As the defendant's president and treasurer testified that his company had a file for express

receipts for goods shipped for customers and as there was other evidence offered by the defendant to the same effect, it would seem that the evidence of general custom did not injuriously affect the defendant's rights, as its method of filing and preserving such receipts was in conformity with the general custom testified to by witnesses called by the plaintiff.

The contention of the defendant that the decision in the Municipal Court between the parties in the action brought for the price of the goods is *res judicata* cannot be sustained. As title to the goods passed on January 12, 1918, the price was due and the seller could thereafter maintain an action therefor apart from negligence of the seller in losing the express receipt. G. L. c. 106, § 52. *Mitchell* v. *LeClair*, 165 Mass. 308. *Bristol Manuf. Corp.* v. *Arkwright Mills*, 213 Mass. 172, 176, 177. Negligence of the defendant in losing the express receipt would not have been a defence to that action; and could have been availed of, if at all, only by way of recoupment or set-off, although we do not mean to intimate that either could properly have been pleaded in that action. The answer there was a general denial. The finding of the judge in the first case that the title to the goods passed to Bowen, Inc. before the instructions were given to deliver them to the express company shows that the price was due notwithstanding the subsequent loss of the receipt by the defendant. This plaintiff was not bound to plead recoupment or set-off in the first action, if it were legally entitled to do so. *Star Glass Co.* v. *Morey*, 108 Mass. 570. *Hunt* v. *Brown*, 146 Mass. 253, 256. *Fiske* v. *Steele*, 152 Mass. 260. *Cox* v. *Wiley*, 183 Mass. 410, 412.

There was no error in the admission of evidence and as the trial judge could not properly have directed a verdict for the defendant, the entry must be

*Exceptions overruled.*