## MICHAEL J. HOLIAN *vs.* HELEN HOLIAN.

Middlesex.   November 27, 1928. — January 4, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Trust,* Resulting. *Equity Jurisdiction,* To establish resulting trust, He who seeks equity must do equity. *Equity Pleading and Practice,* Findings by judge, Decree, Appeal.

Upon an appeal to this court in a suit in equity without a report of the evidence, findings by the judge who heard the suit, which are consistent one with another and within the scope of the bill and answer, must stand.

In a suit in equity to establish a resulting trust in land standing in the name of the defendant, it was undisputed by the defendant that he held title to the property in trust for the plaintiff. It appeared that the defendant, believing himself to be the legal and equitable owner of the property, and without intent to assume obligations for the plaintiff's benefit, or to make a gift to the plaintiff, had signed notes secured by mortgages upon the property, the proceeds of which, together with money of the defendant contributed by him, were used by the plaintiff in the improvement of the property. A final decree was entered by order of the judge directing the defendant to convey the property to the plaintiff upon the plaintiff's causing the notes and mortgages to be cancelled and surrendered to the defendant and upon repayment by the plaintiff of the amount contributed by the defendant, with interest. *Held,* that the conditions imposed upon the plaintiff by the decree were equitable and proper under the maxim that he who seeks equity must do equity; and the decree was affirmed.

BILL IN EQUITY, filed in the Superior Court on February 3, 1926.

The suit was heard by *Weed,* J. The bill, material facts found by the judge, and a final decree are described in the opinion. The plaintiff appealed.

The case was submitted on briefs.

*J. D. Carney,* for the plaintiff.

*J. F. Volk,* for the defendant.

PIERCE, J. This case comes before this court on the appeal of the plaintiff from the judge's findings, rulings and final decree.

It is a bill in equity wherein the plaintiff seeks to establish

a resulting trust in certain real estate, the title to which is in the defendant. The facts alleged in the bill, and found by the judge, are in substance that on June 6, 1912, the plaintiff with his own money purchased the real estate described in the bill, and had the deed run to the defendant, his daughter, as grantee; that he did not intend thereby to make a gift or advancement to her but intended that the beneficial interest should be exclusively his; that the deed was prepared by the grantor and delivered to him and has ever since been held and retained by him; that the deed was never delivered to the defendant; that she has never been in possession of the property in whole or in part since the time of the purchase of it by the plaintiff; that the plaintiff has always had full charge, management and control of the property, and has personally rented it, collected rents and profits, made all repairs, paid all taxes, insurance and water rates and interest on the mortgage or mortgages on said estate. The judge found, in substance, that the defendant was present when the deed was delivered and then "or from information communicated to her by her father a few days before, learned of the purchase and that the title was to be taken in her name."

The judge further found that in 1921 the plaintiff began the construction of two apartment houses and two garages on the premises, in addition to the house in which he was living; that to finance the erection of the buildings loans aggregating $11,000 were placed with the East Cambridge Savings Bank upon the notes of the defendant secured by her mortgages of the premises, and that the proceeds, placed in a joint account to the order of the plaintiff and defendant, were used in the erection of the new buildings; that the defendant in 1918 realized $13,500 and in 1921, $2,500 from the sale of certain property that had belonged to her mother and had been conveyed by the other heirs and by the plaintiff to the defendant; that the proceeds of the sale, save to the extent of $1,000, were devoted by the defendant with the plaintiff's full knowledge and by his desire toward the cost of the erection of the new buildings on the land here in issue; that the defendant signed the notes and mortgages and con-

tributed the proceeds of the property sold by her toward the improvement of the property here in issue at the plaintiff's request, believing herself to be the full owner of the legal and equitable title therein and without any intention of assuming any personal obligations for the plaintiff's sole benefit or of making a gift of the proceeds of the property or any part thereof to the plaintiff; that in 1925 the plaintiff for the first time made a demand on the defendant that she make a conveyance of the property to the plaintiff, and she refused so to do.

Upon the findings, the trial judge, on April 5, 1927, made the order for a final decree which follows: "Let a final decree issue that the defendant holds the legal title of the premises described in the bill in trust for the plaintiff and that, upon the plaintiff's causing the defendant's note or notes held by the East Cambridge Savings Bank secured by mortgage or mortgages of the premises here in issue, to be cancelled and surrendered to the defendant, and upon repayment to the defendant of the sum of $15,000 with interest from the date of the filing of the bill, the defendant shall convey to the plaintiff by a good and sufficient deed the premises here in issue."

After the order for the final decree, the hearing was reopened to receive further evidence with respect to the Webster Avenue property sold by the defendant and as to what part of the proceeds, if any, was used in the development of the premises here in question, and the judge made the following report: "This hearing having been held, upon consideration of the evidence submitted, I find no occasion to change the findings with respect to this matter set forth in said finding of April 5, 1927. The question of whether or not the defendant held the Webster Avenue property on a trust, express or implied, for the plaintiff and the heirs at law of plaintiff's first wife is not in issue in this case, and is not involved in this decision." The evidence upon which the report of the judge rests is not reported. The findings of the report are consistent with each other and with the allegations of the bill and answer; they consequently must stand. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330.

It is plain the defendant held the legal title to the property sold by her, and that it was her duty, if trustee of the proceeds of the sale, to conserve that fund for the benefit of all the *cestui que* trust. It is equally plain that the question of whether the property was held on a trust or not concerned all the alleged beneficiaries and could not finally be determined, save by agreement, without proceedings to establish the trust, to which the heirs at law of the plaintiff's first wife as well as the plaintiff himself were made parties. The adjustment of the trust relation, if there were such, between the plaintiff and defendant could not justly be arrived at without consideration of the claims of others not parties to the bill of complaint. The plaintiff took no exceptions to the ruling that the issue of whether there was a trust or not was not involved in the decision of the case. A final decree was entered in conformity with the "Finding and Order for Final Decree." The defendant does not dispute that there was a resulting trust in favor of the plaintiff, and the case is considered on that footing. *Liberty Trust Co.* v. *Hayes*, 244 Mass. 251, 254. No issue was raised at the hearing as to the form of pleading.

The question is, Had the trial judge authority to decree that the conveyance to the plaintiff should be made upon the plaintiff's performance of the conditions which are exacted in the final decree? We think the defendant before being compelled to make the conveyance to the plaintiff should be indemnified against liability on the notes which she has given, and remunerated for the money which she has expended upon the property at the request of the plaintiff and in the belief that she was the full owner of the legal and equitable title thereto. To hold otherwise would be to inflict upon the defendant an unjust and unconscientious injury and loss, *Glass* v. *Hulbert*, 102 Mass. 24, 36; see *Bradbury* v. *Birchmore*, 117 Mass. 569; and would be to contravene the maxim that those seeking equity must do equity.

*Decree affirmed with costs.*