JAMES J. SLAMIN, administrator, vs. NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Norfolk.    December 9, 1932. — April 17, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence*, Employer's liability, Railroad.    *Practice, Civil*, Interrogatories.    *Evidence*, Presumptions and burden of proof.

A party, who puts in evidence answers to interrogatories propounded by him to the opposing party and does not contradict by evidence the truth of the statements therein made, is bound by such answers.

In an action under the Federal employers' liability act by an administrator against a railroad corporation for personal injuries sustained by and the death of the plaintiff's intestate, an employee of the defendant, it appeared that the intestate was injured when a motor car which he was operating in the course of his duties went through an open derail; that a message, addressed to the intestate by the train despatcher and delivered to him before he started to operate the car by another employee of the defendant in charge of the apparatus operating the derail stated, "No Extras . . . before 9 A.M." but that such message did not mean that the track was clear for the intestate to proceed.    There was no evidence that the derail was not properly open at the time of the accident, or that proper signals were not given to traffic proceeding in the direction in which the intestate was proceeding, or that he was not informed that the derail was open.    *Held*, that

(1) It could not properly be inferred from the message given to the intestate that the derail would be closed;

(2) There was nothing to show that the employee in charge of the apparatus operating the derail should have anticipated that the intestate would run the car into the open derail, or to show that such employee was negligent;

(3) There was no evidence of negligence on the defendant's part;

(4) The plaintiff could not recover.

TORT.    Writ dated March 1, 1929.

The action was tried in the Superior Court before *Williams*, J.    Material evidence is stated in the opinion.    The judge ordered a verdict for the defendant.    The plaintiff alleged an exception.

*W. R. Bigelow*, (*W. J. Naphen* with him,) for the plaintiff.
*E. J. Phillips*, (*H. Lawlor* with him,) for the defendant.

CROSBY, J.   This is an action to recover for the injuries and death of the plaintiff's intestate, George F. Slamin, an employee of the defendant.   The action was tried on the first count of the declaration which is based upon the Federal employers' liability act, 35 U. S. Sts. at Large, 65, c. 149, as amended by 36 U. S. Sts. at Large, 291, c. 143.   It was agreed in open court by the parties that the defendant was engaged in interstate commerce within the meaning of the Federal employers' liability act and that at the time of the accident the intestate was employed by the defendant in interstate commerce.

The plaintiff put in evidence interrogatories to the president of the defendant, and his answers thereto, from which the following facts appear:   The duties of the plaintiff's intestate were the maintenance of telephone wires and low voltage signal wires.   He was injured on May 1, 1928, near Medfield Junction station in this Commonwealth, as a result of operating a motor car through an open derail.   One Omer McMurray, agent at Medfield Junction station, was in charge of the interlocking apparatus at that station including the derail above referred to.   At the time of his injury the plaintiff's intestate was on his way to Sherborn in connection with his work.   McMurray gave to the intestate shortly before he started to operate his motor car just prior to the derailing a written message which read: "Taunton 1st Motor 813 No Extras North before 9 A.M.   H. E. A." McMurray received this message by telephone from the train despatcher at Taunton, who was authorized to send it, and delivered it to the intestate in the ordinary course of his duties.   "Motor 813" in the message referred to the motor car which the intestate was operating.   In reply to the question 12, "Was the purport of said message that the track from Medfield Junction north was clear for Slamin to proceed with his car?" the answer was "No."   The intestate was operating his motor car on the defendant's rails in a northerly direction toward Framingham and had gone about three hundred twenty-five feet from Medfield Junction when it was derailed.   The motor was not defective in any respect.   The derail had not been changed between the time

the message was delivered to the intestate and the time the accident happened. As nearly as can be determined McMurray was returning from a spring across the highway south of the station at the time of the accident. Lillian G. Bruce, called by the plaintiff, testified that shortly before eleven o'clock on the day of the accident the intestate was driven to her house where he boarded; that he went upstairs and lay down and after a while he had a hemorrhage from his mouth; that he said, "It's too bad, it's too bad; it was my fault." This witness further testified that she had never before told of this remark of the intestate. He died about 9:40 P.M. on the day he was injured. There was medical evidence to the effect that his skull was fractured and that the left side of his head was crushed. At the close of the plaintiff's evidence the defendant rested and filed a motion that a verdict be directed in its favor. The motion was allowed subject to the plaintiff's exception.

The plaintiff having put in evidence the answers to interrogatories, and not having contradicted the facts therein stated by evidence, the truth of those facts stands as against him. *Minihan* v. *Boston Elevated Railway,* 197 Mass. 367, 373. *Washburn* v. *R. F. Owens Co.* 258 Mass. 446, 449. The place where this derail was located was at a junction point. The plaintiff's intestate knew that its purpose was to run a train off the track and thereby prevent a collision with another train. There is no evidence to show that this derail was not properly open at the time of the accident. To enable the plaintiff to recover he must prove negligence of the defendant at the time and place of the accident. *Delaware, Lackawanna & Western Railroad* v. *Koske,* 279 U. S. 7. *Atchison, Topeka & Santa Fé Railway* v. *Saxon,* 284 U. S. 458. The twelfth interrogatory and answer read as follows: "Was the purport of said message that the track from Medfield Junction north was clear for Slamin to proceed with his car? A. No." It thus appears that the message had nothing to do with the derail. It could not be inferred from the message that the derail would be closed. There was no evidence to show that it was open improperly at the time of the accident. His remark after the accident shows that he knew the derail

was there, and there is no evidence that proper signals were not set against traffic proceeding north to Framingham from Medfield Junction, nor was there any evidence that the decedent was not informed that the derail was open. Although McMurray had charge of the derail, the fact that he received a message from the train despatcher and delivered it to the decedent does not show that McMurray ought to have anticipated that the decedent would run his motor car up the track when the derail was open. There is no evidence which would justify a finding of negligence on the part of McMurray. The answer to the twelfth interrogatory plainly shows that the message did not justify the decedent in believing that the derail was closed, and that he might safely proceed over the track.

As the evidence did not warrant a verdict in favor of the plaintiff, the defendant's motion for a directed verdict was rightly granted.

*Exceptions overruled.*