DOME REALTY CO. *vs.* ABRAHAM COHEN.

Suffolk. March 7, 1934. — February 27, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, & LUMMUS, JJ.

*Evidence*, Presumptions and burden of proof, Interrogatories.

Although a fact adverse to a party's interest be stated by him in his answers to interrogatories propounded to him by the other party, a finding of that fact is not required as a matter of law where there is evidence of the contrary fact.

BILL IN EQUITY, filed in the Superior Court on April 7, 1932, described in the opinion.

The suit was heard by *Greenhalge*, J. Material evidence and findings by him are described in the opinion. By his order, a decree dismissing the bill was entered. The plaintiff appealed.

*H. P. L. Partridge*, for the plaintiff.

*W. Hartstone*, for the defendant.

PIERCE, J. This is a suit in equity brought by the receiver of the plaintiff to recover funds transferred to the defendant, which funds, it is alleged, belonged to the plaintiff. The suit originally included Hayden, Stone and Company as a party defendant. After the bringing of the suit the plaintiff discontinued as to said Hayden, Stone and Company.

The bill of complaint charged that one of the officers of the plaintiff transferred to the defendant, Abraham Cohen,

funds belonging to the plaintiff; that said transfers were unauthorized and were either without consideration or for purposes other than the payment of obligations of the plaintiff and known to be such by the defendant. The defendant's amended answer denied the allegation that an officer of the plaintiff transferred to him funds belonging to the plaintiff and specially answered that if "he received any checks drawn on the funds of the Dome Realty Co., the same were received in exchange for his checks given by this defendant to Samuel Rottenberg." The answer contained another paragraph which is not material to the issue.

The trial judge found the following facts: The plaintiff was a corporation, organized in 1928 to acquire certain real estate and to erect buildings thereon. One Samuel Rottenberg and his wife held all the beneficial interest in the stock and Rottenberg was in complete control of the corporation and its business. The buildings were completed and the corporation derived certain income from the rentals. Rottenberg was also engaged in real estate transactions on his own account. On October 23, 1929, he opened an account in the Brookline Trust Company under the name of Morris Snyder, who was the husband of his wife's sister. In this account deposits were made on October 23, 1929, and October 26, 1929, approximating $4,900, which do not appear to have been assets of the plaintiff. Thereafter, at a time which does not clearly appear from the evidence, Rottenberg began to use this account as a depositary for corporate funds accruing from rentals, and from time to time, during a considerable period not definitely determined by the evidence, rentals were deposited in this account and during the same time certain deposits were made by Rottenberg of funds which do not appear to have been derived from rentals. At some period the deposits and withdrawals were incorporated into the books of the Dome Realty Co. Deposits which were not derived from rentals were treated by the corporation accountant for convenience in bookkeeping as exchanges, and apparently the deposits and withdrawals were balanced on the books where possible. Such deposits of this character as were allowed to

remain for a considerable period without corresponding or identifiable withdrawals were treated by the accountant as loans to the company.

The defendant is a dealer in real estate. He has had some business relations with Rottenberg in the course of which checks were exchanged, so far as the evidence shows, for mutual convenience, and not as loans bearing interest. On or about March 24, 1930, the defendant drew several checks. One of these, in the sum of $5,000, was dated March 24, 1930, and the others were drawn upon subsequent dates. On March 24, 1930, a check for $3,256.50 was drawn by Morris Snyder to himself; it was indorsed by him and subsequently delivered by Rottenberg to the defendant. This is the check which the plaintiff alleges represented funds of the Dome Realty Co. "that were transferred to the defendant Cohen without authority or consideration or for purposes other than the payment of obligations of the company, and known to be such by the defendant Cohen." On March 20, 1930, the Snyder account in the Brookline Trust Company was represented by a balance of $74. On that date a check from Hornblower and Weeks, drawn to Rena Snyder in the sum of $3,256.50 and representing the proceeds of the sale of certain securities standing in the name of Rena Snyder, but in fact the property of Rottenberg, was deposited in the account, making the balance $3,330.50. The account, by the check here in question of March 24, 1930, was again reduced to $74.

"Upon the above facts . . . [the judge found] that the plaintiff has failed to prove that the check of March 24, 1930, finally delivered to the defendant, was drawn against company funds or that the defendant had any knowledge that such check was so drawn, unless such finding is concluded. by the answers to interrogatories 1, 2 and 3, propounded by the plaintiff to the defendant, which are as follows: 1. Did you, on one or more occasions, receive checks drawn against the Dome Realty Co. funds? A. Yes. 2. If your answer to interrogatory 1 is in the affirmative, state as definitely as you can how many checks, so drawn, you received? A. To the best of my present recollection, one.

3. State as definitely as you can, the date and amount of each check?  A. March 24, 1930, in the sum of $3,256.50."
The judge found and ruled that he was not concluded by these answers from making the above findings, and a final decree was entered dismissing the bill with costs. The case is before this court on the appeal of the plaintiff from the final decree.

The plaintiff contends that the judge erred in finding "that the plaintiff has failed to prove that the check of March 24, 1930, finally delivered to the defendant, was drawn against company funds," because the plaintiff's ownership of the money in question was established by the answers to the interrogatories; and that the answers were conclusive evidence of such fact, citing *Commonwealth* v. *Desmond*, 5 Gray, 80. The defendant, however, was not concluded by his answers to the interrogatories. See *Commonwealth* v. *Sacco*, 255 Mass. 369, 414, 448. They could be contradicted and explained by other material evidence. *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405. Interrogatories and the answers thereto are admitted and read at the trial only as evidence. G. L. (Ter. Ed.) c. 231, §§ 61, 89. It is the party offering the answers as evidence who is bound by them, and then only if they are uncontradicted by other evidence. *Washburn* v. *R. F. Owens Co.* 258 Mass. 446, 449. *Slamin* v. *New York, New Haven & Hartford Railroad*, 282 Mass. 590. In the case at bar there was evidence which controlled the defendant's answers to the interrogatories. It was proper for the judge to find the facts established by all the evidence. The evidence is not reported. The findings of the trial judge are not inconsistent with each other nor with the bill and answer. They must stand. *Holian* v. *Holian,* 265 Mass. 563. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330.

*Decree affirmed with costs.*