MAY J. CORTHELL *vs.* THE GREAT ATLANTIC AND PACIFIC TEA COMPANY.

Essex.    May 15, 1935. — June 25, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* Of proprietor of store. *Evidence,* Interrogatories, Presumptions and burden of proof.

A party putting in evidence the other party's answers to interrogatories is bound by them if they are not contradicted by other evidence.

The mere maintenance in the floor of a store of a furnace register with openings seven eighths of an inch square, proved to be of "the ordinary type in common and general use," was not negligence toward a woman customer who caught the heel of her shoe in one of the openings.

TORT.    Writ dated July 15, 1932.

The action was tried in the Superior Court before *Gray,* J., who, after the recording of a verdict for the plaintiff in the sum of $250, ordered entered a verdict for the defendant under leave reserved. The plaintiff alleged an exception.

*W. E. Sisk,* for the plaintiff.

*J. A. Lane,* for the defendant.

LUMMUS, J.   The defendant operated a retail grocery and meat store in Lynn, heated by hot air registers in the floor.   On May 23, 1932, the plaintiff entered the store and walked towards the grocery counter.   She stopped to take a "cookie" from a plate held by a person dressed as a clown, who was engaged in exhibiting "cookies," though not as a servant of the defendant.   When she started to walk again, she found that one of her heels had become caught in one of the openings in a register.   In consequence of that, she fell and was hurt.

The judge denied the defendant's motion for a directed verdict, subject to its exception.   After a verdict for the plaintiff, the judge, under leave reserved (G. L. [Ter. Ed.] c. 231, § 120), entered a verdict for the defendant, subject to the plaintiff's exception.   The latter exception brings the case here.

The register was described in an answer by an officer of the defendant to an interrogatory filed by the plaintiff. Since the answer was introduced in evidence by the plaintiff, and was not contradicted by any evidence, the plaintiff is bound by it.   *Gordon* v. *Bedard*, 265 Mass. 408, 411. *Slamin* v. *New York, New Haven & Hartford Railroad*, 282 Mass. 590, 592.   *Dome Realty Co.* v. *Cohen*, 290 Mass. 36, 39.   The description showed a "steel register" of "the ordinary type in common and general use," containing seventy-two openings, each seven eighths of an inch square.

Obviously the plaintiff's heel, if not worn out of shape, had to be very small at the bottom in order to get caught in such a register.   She described the heel as "an ordinary heel that she wore all the time," although she testified that at the trial she was wearing shoes with broader heels.

Since due care is that degree of care which a man of ordinary prudence would use under the circumstances (*Labrecque* v. *Donham*, 236 Mass. 10), the fact that a certain device or practice is in common use tends to show that its use is not negligent.   *Cass* v. *Boston & Lowell Railroad*, 14 Allen, 448, 450.   *McMahon* v. *McHale*, 174 Mass. 320, 326.   *Dolan* v. *Boott Cotton Mills*, 185 Mass. 576, 579, 580.

*Moynihan* v. *Holyoke*, 193 Mass. 26. *Pitcher* v. *Old Colony Street Railway*, 196 Mass. 69, 71. *Long* v. *Athol*, 196 Mass. 497, 508. *McCrea* v. *Beverly Gas & Electric Co.* 216 Mass. 495, 498. *Hecht* v. *Boston Wharf Co.* 220 Mass. 397, 405. *Draper* v. *Cotting*, 231 Mass. 51, 59–61. *Bowen, Inc.* v. *G. R. Armstrong Manufacturers' Supplies, Inc.* 241 Mass. 444, 447. *Cronan* v. *Armitage*, 285 Mass. 520, 525. But that fact is not conclusive of due care, for a large number of persons may be wanting in due care in their usual practices. *Maynard* v. *Buck*, 100 Mass. 40. *Dolan* v. *Boott Cotton Mills*, 185 Mass. 576, 580. *Smith* v. *Gammino*, 225 Mass. 285. *Wilson* v. *Alexander*, 230 Mass. 242. *Bernier* v. *Pittsfield Coal Gas Co.* 257 Mass. 188, 190.

In the present case the register was of a type "in common and general use." Although that is not conclusive of the defendant's due care, the plaintiff had the burden of introducing evidence warranting a finding of negligence. There was no evidence that registers with smaller openings were in common use. When the court can see that the physical facts, with any other evidence that may exist, do not warrant the inference that a reasonable man in the position of the defendant would have anticipated danger and guarded against it, a verdict for the plaintiff is not warranted. *Lyons* v. *Boston Elevated Railway*, 204 Mass. 227. *Phinney* v. *Eastern Massachusetts Street Railway*, 285 Mass. 207, 210. *Pastrick* v. *S. S. Kresge Co.* 288 Mass. 194. *Zacharer* v. *Wakefield*, ante, 90. Although the plaintiff described her heel as "ordinary," there is nothing beyond the use of that word to show that the defendant had reason to expect in 1932 that women would do their marketing while wearing heels so small. If, however, the vagaries of fashion had indeed brought into common use for such purposes heels of that description, there is no evidence how long they had been in vogue. The defendant could not be expected to reconstruct its store immediately to meet the problems occasioned by a sudden, extreme and very likely evanescent fashion. We think the verdict for the defendant was rightly entered.

The case is not like *Upham* v. *Boston*, 187 Mass. 220,

where there was a want of repair, and a hole large enough to be dangerous to ordinary travel. We need not consider *Shorkey* v. *Great Atlantic & Pacific Tea Co.* 259 Mich. 450, where a case similar to the present was determined in favor of the defendant on the ground that if the defendant was negligent the plaintiff must have been guilty of contributory negligence.

*Exceptions overruled.*