*Western District*

*District Court of Springfield*

No. 129747

## HARLEY H. BLODGETT, EXECUTOR OF THE WILL OF THEODORE F. DWIGHT

v.

## VALENTINE F. SKIFF

*Hobson, J.* This is an action of contract in which the plaintiff seeks to recover $161.00 for rent of storage space in a warehouse conducted by plaintiff's testator, and interest thereon in the amount of $40.65, a total of $201.65. The answer is a general denial, payment, breach of the contract by the plaintiff, Statute of Limitations and res judicata as follows: "And further answering the said defendant pleads res judicata inasmuch as a breach of contract action was brought by the defendant against the plaintiff, upon the same contract now relied upon by the plaintiff, said action was heard in the District Court of Western Hampden, being Case No. 10848, and judgment was entered in the said action for the present defendant in the sum of $300.00."

At the trial there was uncontradicted evidence tending to show that the defendant had entered into a contract with the plaintiff's testate whereby the plaintiff's testate did let to the defendant a room or stall in a storage warehouse conducted by plaintiff's testate in the City of Springfield for the rent of two dollars per month to be paid by the defendant; that the defendant owed rent in the sum of $161.00 for said stall from October 18, 1946, to July 2, 1953, a total of 80½ months with interest.

The defendant admitted the contract and the sum due.

The defendant offered evidence of a judgment entered on April 8, 1954, in his favor in the sum of $300.00 in the District Court of Western Hampden as follows: "On April 8, 1954, in the above entitled case Finding for Plaintiff $300 with interest from date of writ." In this action the declaration contained two counts, one of contract and one of tort, both for the same cause of action. The count in contract was to the effect that the plaintiff (the defendant in the present case) had placed, among others, certain described goods in the warehouse of the defendant's testator, for a consideration agreed upon; that the contract provided that defendant's testator would on demand return the goods to the plaintiff in as good condition as received; that the plaintiff had done all things agreed by him to be performed under the contract; that the defendant's testator, on demand, failed to deliver the goods to the plaintiff, to his damage. The counts in tort contained practically the same allegations as the count in contract, with the additional allegation that the defendant's testator so negligently performed his agreement as to lose the described goods, and failed to return them to the plaintiff.

The report states that the following finding of fact pertinent to the present case was made by the Judge of the District Court of Western Hampden:

"I find that the plaintiff stored certain articles of household furniture in a public warehouse owned and operated by the late Theodore F. Dwight.

I find that the defendant was negligent in caring for the plaintiff's goods, as a result of which, certain articles of the property stored by the plaintiff were missing at the time the plaintiff demanded them."

The plaintiff duly filed the following requests for rulings:

"1. The evidence warrants a finding for the plaintiff.

2. There is no evidence that warrants a finding for the defendant.

3. The evidence warrants the plaintiff has sustained the burden of proof by showing that the defendant hired a room so-called in the warehouse of the plaintiff and agreed to pay therefor the sum of $2.00 per month for the same and did pay said rent until October 29, 1946, and has not paid anything for the room since that date and the amount due for the period, eighty and one-half months at $2.00 per month is $161.00 and that interest on the same is $64.40.

4. The plaintiff is not estopped from bringing the instant action because of the judgment for the defendant herein in the action brought by him in the District Court of Western Hampden.

5. If the Court finds that the plaintiff had brought an action in the District Court of Western Hampden against the defendant herein wherein the defendant in the instant case filed a declaration in two counts charging negligence in contract and negligence in tort for failure to keep defendant's goods and recovered judgment against the plaintiff herein, the plaintiff herein is not precluded in bringing this action by that judgment. *Bowen v. Armstrong,* 241 Mass. 444."

The trial judge allowed request No. 1 and denied

all of the others, and made the following findings of fact:

"The defendant in this action commenced an action against the plaintiff in this action in the District Court of Western Hampden, in which there was a finding and judgment for him. This action was in two counts.

In each count the plaintiff's declaration contained the allegation that "on or about April 18, 1932 the plaintiff placed certain goods in the warehouse of the Defendant's decedent, entering into a contract to pay a consideration agreed upon for the said storage." and the further allegation "that the Plaintiff has done all things agreed by him under the contract."

These allegations were material to the plaintiff's cause of action in that case.

These allegations were denied by the defendant in that cause of action by the filing of a general denial thus joining the issue. The issue was tried and determined by the District Court of Western Hampden.

The finding for the Plaintiff in the cause of action in the District Court of Western Hampden renders this case res judicata and the plaintiff is stopped from bringing this action."

The only issue for our determination is this: Is the finding or judgment of the District Court of Western Hampden for the defendant (in this action) *res judicata* as to this case and does it estop the plaintiff from maintaining this action?

We are of the opinion that the present action is not barred by the judgment in the action in the District Court of Western Hampden. It is not open to dispute that a decision on the merits is as to every issue raised by the pleadings a bar to a subsequent proceeding between the same parties upon the same cause of action. Where the latter proceeding is for a different cause of action only those facts are concluded which were necessarily involved in the

prior adjudication or under appropriate pleadings were actually passed upon. *Sandler v. Silk,* 292 Mass. 493, 498. Further, the Supreme Court says in *Burlen v. Shannon,* 99 Mass. 200, at 202, cited with approval in *Olsen v. Olsen,* 294 Mass. 507, 509, "A verdict and judgment are conclusive by way of estoppel only as to those facts which were necessarily involved in them, without the existence and proof or admission of which such a verdict and judgment could not have been rendered."

First, then is the cause of action set out in the suit in the District Court of Western Hampden the same in the present case, or are they distinct? They may be distinct even though they rise out of related transactions and involve the same subject matter. *Sandler v. Silk,* supra. Causes of action, though relating to the same transaction, if founded upon different features of it, have no necessary relation to each other and are different in their nature, are distinct. *Newhall v. Enterprise Mining Co.,* 205 Mass. 585, 589.

We hold that *the causes of action are distinct.* The present suit is one of contract to recover rent alleged to be due. The suit in the District Court of Western Hampden (hereinafter referred to as the earlier suit) was in part an action of tort, based upon the claim of negligence on the part of defendant's testator in that he failed to exercise such care in regard to the goods entrusted to him as a reasonably careful owner of similar goods would exercise. While the trial judge in the earlier suit does not expressly state that he based his finding on the count alleging negligence, it is abundantly clear from the language used in the finding that he did so, and that the question of negligence was the issue he passed upon. There is nothing in the finding to indicate that the issue raised in the case at bar was passed upon in the earlier suit.

It may not be out of order to say that if we are in error in holding that the finding in the earlier

suit was based upon Count 2 (the count alleging negligence) rather than on Count 1, and that it could properly be contended that the earlier suit may have been decided on one or the other of the counts and that it does not appear what was the basis of the decision, then, in that event, the cases hold that judgment in the earlier action is not a bar to a subsequent action based on one of those grounds and it would follow that it would not be a bar to this action. *Tighe v. Skillings*, 297 Mass. 504, 508.

Secondly, was the question of whether or not the defendant was owing any rent necessarily involved in the prior adjudication and was it actually passed upon? We are of the opinion that the question of whether defendant was or was not owing any rent was in no way involved.

G. L. c. 105, §27 provides:

"A warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise; but not, in the absence of an agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of such care."

This statute imposes the liability stated therein irrespective of whether or not the depositor of the goods may be owing any rent. Therefore, the question of whether or not he was owing any rent was not involved and did not have to be passed upon and was not passed upon.

The issue raised in the case at bar was not passed upon in the earlier suit; that the earlier suit was for a different cause of action from that here declared on; that the present ground for recovery was not litigated in that suit. We further hold that the finding or ruling that the defence of res judicata had been sustained was wrong and that it was prejudicial error to deny plaintiff's requests for rulings numbered 2

to 5, inclusive; and that, inasmuch as the report states that the contract and sum due were admitted by the defendant, and we therefore are satisfied that we have before us all the facts necessary for determining the question in dispute, *judgment for the defendant should be vacated and judgment in the sum of $201.65 should be entered for the plaintiff.*