PANTALEONE FROIO *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY.

Plymouth. November 21, 1923. — January 31, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence*, Street railway, Res ipsa loquitur, In use of highway. *Practice, Civil*, Charge to jury; Exceptions: whether error was harmful.

Where, at the trial of an action of tort for personal injuries against a street railway company by a passenger upon a street car of the defendant, it appears that the accident resulted from a collision of the street car with a motor truck on the highway, the mere occurrence of the collision is not evidence of negligence of the defendant, and an exception by the defendant must be sustained to an instruction to the jury that, if they found that the electric car collided with the motor truck and there was no explanation as to what the motorman was doing, or if they found that it was a collision without explanation and would not ordinarily have occurred if the motorman had been exercising reasonable care, then they could find that there was some negligence on the motorman's part.

The questions, whether, in the circumstances appearing at the trial of an action against a street railway company for personal injuries received by a passenger on a car of the defendant and caused by a collision of the street car with a motor truck in the highway, the motorman should have sounded his bell and have slackened his speed at the intersection of streets, were matters properly for the consideration of the jury upon the question of negligence, and an instruction to the jury, in substance, that the motorman, on approaching corners or vehicles coming in the opposite direction, is under obligation to give warning by sounding a whistle or gong and to slow down the speed and keep his car under control so that as he nears an intersecting street he will not be proceeding at an unreasonable rate of speed, constituted harmful error, since from it the jury must have understood that an

absolute duty rested upon the motorman to do the things referred to in the instruction; and such error was not cured by a general instruction, following it, that if by the exercise of reasonable care the motorman could have avoided the accident, and he did not exercise reasonable care but was negligent, then the defendant would be liable.

TORT for personal injuries received by the plaintiff while a passenger upon an electric street car operated by the defendant.   Writ dated March 18, 1921.

In the Superior Court, the action was tried before *Walsh*, J.   Material evidence and exceptions saved by the defendant are described in the opinion.   There was a verdict for the plaintiff in the sum of $725.   The defendant alleged exceptions.

*T. H. Buttimer*, for the defendant.

*H. C. Thorndike*, for the plaintiff.

CROSBY, J.   This is an action to recover for personal injuries, received by the plaintiff while a passenger on one of the defendant's cars.   The accident resulted from a collision of the car with a motor truck which was crossing the street railway track.   The car in question was being operated by one person, who acted both as motorman and collector of fares.   The only questions presented for our decision arise by reason of certain exceptions to the charge of the presiding judge.

The judge instructed the jury that, if they found that the electric car collided with the motor truck and there was no explanation as to what the motorman was doing, or that it was a collision without explanation, and would not ordinarily have occurred if the motorman had been exercising reasonable care, then they could find that there was some negligence.

This instruction evidently was based upon the assumption that the doctrine of *res ipsa loquitur* is applicable.   "The mere occurrence of the collision on the highway was no evidence of the negligence of the defendant.   This is the rule of our own cases."   *Reardon* v. *Boston Elevated Railway*, *ante*, 124, and cases therein collected.

The judge also instructed the jury in substance that the operator of an electric car, on approaching corners or vehicles coming in the opposite direction, is under obligation to give

warning by sounding a whistle or gong and to slow down the speed and keep his car under control so that as he nears an intersecting street he will not be proceeding at an unreasonable rate of speed.

The instruction was erroneous. While the duty rests upon the operator of an electric street car at all times and in all places to manage his car with a high degree of care, he is not required by law to give warning signals or slacken the speed of his car as the jury were instructed, nor was he required to do so by any rule of his employer, so far as appears from the record. Whether in the circumstances as they existed in the case at bar he should have sounded his bell and slackened his speed at the intersection of streets, were matters properly for the consideration of the jury upon the question of negligence. We are of opinion that the jury must have understood from this instruction that an absolute duty rested upon the motorman to do the things referred to in this part of the charge, and that the error was not cured by the general instruction which followed, that if by the exercise of reasonable care he could have avoided the accident, and he did not exercise reasonable care but was negligent, then the defendant would be liable.

The other exceptions need not be considered as the questions involved are not likely to arise in the same form at a new trial.

*Exceptions sustained.*