GEORGE S. WASHBURN *vs.* R. F. OWENS COMPANY.

Plymouth.   November 20, 1924. — April 15, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Motor vehicle, In use of highway, Res ipsa loquitur.  *Evidence,* Competency, Of failure to sound horn, Of agency, Interrogatories, Presumptions and burden of proof.  *Agency,* Scope of employment. *Practice, Civil,* Exceptions, Interrogatories, Charge to jury.

An exception to the admission, at the trial of an action for personal injuries, of evidence of the actual profits of the plaintiff from his business in the six months before and in the six months after the accident, was not sustained although the admission was erroneous, where it appeared that the judge in his charge corrected his error and told the jury to disregard the evidence.

At the trial of an action for personal injuries and property damage resulting from an alleged collision from the rear of a motor truck of the defendant with a closed market wagon of the plaintiff, there was evidence tending to show that the curtains of the wagon came to the rear of the driver's seat on the left hand side and to the front of that seat on the right hand side; that the road was straight and level and over twenty feet wide; that there was no house near; that the plaintiff was on the extreme right hand side of the road with the reins in both hands and "jogging" at about six or seven miles per hour when something struck the wagon, which he afterwards learned was the defendant's truck. The only evidence on the question whether the defendant sounded a horn was testimony of the plaintiff that he heard no sound of a horn. *Held,* that, in the circumstances, it was proper for the judge to refuse to rule that there was no evidence warranting a finding "that a horn was not sounded by the driver of the defendant's truck."

The law of Massachusetts is well settled, that proof, that the driver of a motor vehicle was in the general employ of the defendant at the moment of an accident and that the defendant was owner of the vehicle, is not enough to establish that the driver then was acting within the scope of his employment.

At the trial of the action above described, the defendant admitted that his truck struck the plaintiff's wagon. In answer to interrogatories, the defendant stated that the truck was carrying a load of about two tons and that "A truck belonging to the defendant and driven by an agent collided with a wagon" which answered the description of the plaintiff's wagon. There was no other evidence bearing on the question of the employment of the driver by the defendant. *Held*, that a ruling asked for by the defendant, "There is no evidence that the accident was caused through the negligence of the agent or servant of the defendant, acting within the scope of his employment," should have been given and that a verdict for the defendant should have been ordered.

The use of the word "agent" in the answer to the interrogatory above described was not an admission that at the time of the collision the driver was acting within the scope of his employment.

Besides the evidence above described, there was testimony by the plaintiff that when his wagon was struck his horse ran from the road into woods; that he was thrown onto the horse and grasped the harness; that he looked to the left and saw the defendant's truck; that he saw no other automobile pass; and that the driver of the truck, apparently extremely nervous, came to him and helped him. In answer to interrogatories, the defendant further stated that he was caused to run into the plaintiff's wagon by another passing truck coming against his front wheel. The judge refused to rule that "The fact that the truck belonging to the defendant's company struck the plaintiff's team is not sufficient evidence to justify a verdict for the plaintiff, without further evidence that the accident was caused by a negligent act on the part of the defendant, its agent or servant. The plaintiff must show, by some positive evidence, that a negligent act on the part of the defendant's agent or servant contributed to the cause of the accident, and this may not be inferred without some positive evidence." *Held*, that the refusal was proper.

TORT for personal injuries and property damage suffered when a wagon of the plaintiff was run into from behind by a motor truck of the defendant alleged to have been driven by an employee of the defendant. Writ dated January 2, 1923.

In the Superior Court, the action was tried before *Macleod*, J. Material evidence and rulings asked for by the defendant are described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. The judge charged the jury on the question, whether a horn was sounded by the defendant, as follows:

"The only evidence in the matter [whether the horn was sounded] is the fact that the plaintiff testified that he did not hear any horn. There is no affirmative testimony on

the part of the plaintiff that the operator blew his horn. There is the statement of the plaintiff that he did not hear any horn and that statement is not contradicted. Now, does that in itself, that statement that he did not hear any horn, constitute anything in the way of evidence in this case, supposing you should find there was any obligation on the part of the operator to blow his horn? Now that in turn depends upon circumstances. It may or it may not be on the evidence of this case, on the circumstances in this case, some evidence that the horn was not actually blown. There is no evidence in this case one way or the other except that the plaintiff was proceeding along the road driving his cart, for all it appears, in a normal way and manner, and that he did not hear the car. You have the cart described, the cart in which the plaintiff was riding. It was described, the location of the seats and what curtains were up and what curtains were down, and other things of that kind. And the plaintiff says that he did not hear the car. He did not hear the other car approach. Now, if this were a case where there were any affirmative evidence that the plaintiff was deaf or that he was asleep, or that he was engaged in conversation with some other persons in the cart at the time so as to indicate that he was not paying attention to whether a horn was blown or not, then the fact he did not hear the horn would be no evidence at all one way or the other. On the other hand, if you had a case where the plaintiff had affirmatively testified that he was attentive, on the look out for horns or signals that might be sounded by an automobile or automobiles, then the evidence would be clearly admissible to show as prima facie evidence that the horn was not, in fact, blown.

"This is a case which falls between the decided cases, as I understand it because there is no evidence one way or the other. 'A witness may be in any conceivable attitude of attention or inattention which will give his evidence value or leave it with little or no weight, but where his position is such that the sound would have been likely to attract his attention if the bell had been rung or the whistle or horn sounded, his failure to hear it was some evidence that the

horn was not in fact sounded.' Now, as near as I can understand it that is the principle. Where there is no affirmative, direct testimony that he was paying attention the test is, was his position at the time, riding in the car with curtains up and practically around the cart, riding in a horse drawn vehicle which is a very much less flexible instrument of locomotion than an automobile so far as getting promptly out of the way is concerned, as to whether riding in that kind of a vehicle it was likely or not that the plaintiff with the regard of his own safety that would be expected in a case of a man acting in a normal fashion would be sufficiently alert to hear an automobile horn if it were sounded.

"If you find that the circumstances disclose in this case that his situation was such that he might be expected from the situation that he was in at the time to have heard this horn if it had been sounded, then the fact that he did not hear the horn sounded would be some evidence, sufficient evidence in this case as far as that aspect of it is concerned and on that issue, to say that the horn was not in fact sounded because there is no contradictory testimony.

"And if you find that under the circumstances disclosed there was an obligation on the part of the operator of this car as a reasonable person to have sounded his horn at the time, his failing to sound the horn would be some evidence of negligence in this case. There, I think, for the present I will leave the matter so far as the question of liability is concerned. It may be that in conference with counsel I may or may not want to qualify some of the statement I have made. I leave it for now in that fashion."

There was a verdict for the plaintiff in the sum of $5,000. The defendant alleged exceptions.

*A. E. Yont,* for the defendant.

*C. G. Willard, (C. C. Reed* with him,) for the plaintiff.

Wait, J. This case is before us upon exceptions to the admission of evidence, to the refusal of the judge to direct a verdict for the defendant, to his refusal to give certain instructions requested by the defendant, and to certain parts of the charge.

The admission of evidence of the actual profits of the

plaintiff from his business in the six months before and in the six months after the accident, although erroneous, *Mahoney* v. *Boston Elevated Railway*, 221 Mass. 116, did not prejudice the defendant because the judge in his charge corrected his error and told the jury to disregard the evidence. This exception must be overruled.

About four o'clock in the afternoon of October 20, 1922, the plaintiff was driving a closed market wagon along the highway between Brockton and West Bridgewater. The road was straight and practically level for six hundred feet in either direction. Its surface was a hard macadam twenty-one and a half feet wide with a shoulder of gravel four feet wide on either side approximately level with the hard surface. There were no houses within three or four hundred feet. The curtain on the plaintiff's left came forward as far as the back of the seat and that on his right as far as the front of the seat. He drove at the extreme right of the macadam surface with his right wheels about a foot from the right hand side of the road. He was holding the reins in both hands and "jogging" some six or seven miles per hour. Something struck the wagon. The horse hesitated an instant and then ran, turning to the right into the woods, and throwing the plaintiff to the ground after going some thirty or forty feet. The plaintiff was thrown forward onto the horse by the shock of the collision and to hold himself grasped a part of the harness. As he fell he glanced to the left and saw a truck passing the front of the wagon at a speed which he estimated at about twenty miles per hour and which he testified was slow under the conditions at the time. He saw no other automobile passing. He heard no sound of a horn. The driver of the truck, who seemed extremely nervous, came and assisted him. From the defendant's answers to interrogatories, put in evidence by the plaintiff, it appeared that the truck was going in the same direction as the wagon, at a speed not over twelve miles per hour, with a load weighing about two tons, and struck the left hind wheel of the wagon; that there was another truck on the road which also was going in the same direction; that this, a Reo, truck came against the left front wheel of the defendant's truck and

caused it to strike the plaintiff's wagon. The defendant did not know the owner, the driver or the number of this Reo truck, but thought it bore a Rhode Island registry. After striking the wagon the defendant's truck stopped as soon as possible, going not more than eight feet beyond the point of the collision.

There was no other material evidence to show what took place; and the only evidence to connect the defendant with the accident was its answers to the interrogatories. Interrogatory 1 was as follows: "Did a motor truck belonging to the defendant, and driven by an agent or servant of the defendant, collide with or strike from the rear, a wagon driven by George S. Washburn on South Main Street, Brockton, Massachusetts, or on a continuation of said street into West Bridgewater, Massachusetts, on or about October 20, 1922?" The answer was: "A truck belonging to the defendant and driven by an agent collided with a wagon on South Main Street, between Bridgewater and Brockton, October 20."

The only evidence offered by the defendant was by a witness who, by consent, while the plaintiff was putting in its case, testified in regard to certain number plates. At the close of the plaintiff's case, the defendant moved for a directed verdict, and when this was refused asked instructions:

"1. Plaintiff is not entitled to recover. . . . 3. The fact that the truck belonging to the defendant's company struck the plaintiff's team is not sufficient evidence to justify a verdict for the plaintiff, without further evidence that the accident was caused by a negligent act on the part of the defendant, its agent or servant. The plaintiff must show, by some positive evidence, that a negligent act on the part of the defendant's agent or servant contributed to the cause of the accident, and this may not be inferred without some positive evidence. 4. There is no evidence that the accident was caused through the negligence of the agent or servant of the defendant, acting within the scope of his employment. . . . 7. There is no evidence in which it may be found that a horn was not sounded by the driver of the defendant's truck."

We will deal with these in inverse order.

Although the question is close, it cannot be held that the judge was wrong in refusing to give the seventh request. The only testimony was the plaintiff's statement that he did not hear a horn. "Merely negative testimony of that nature without circumstances tending to give it affirmative force is of no value," *Koch* v. *Lynch,* 247 Mass. 459, 462, but there was here a full description of the circumstances bearing upon the likelihood of the plaintiff's hearing a horn had one been sounded. We think the defendant was sufficiently protected by the instruction actually given.

The fourth request should have been given. The law of Massachusetts is well settled that proof that the driver of a motor vehicle was in the general employ of the defendant at the moment of an accident, and that the defendant was owner of the vehicle, is not enough to prove that the driver was then acting within the scope of his employment. *Porcino* v. *DeStefano,* 243 Mass. 398. *Gardner* v. *Farnum,* 230 Mass. 193. *Marsal* v. *Hickey,* 225 Mass. 170. *Hartnett* v. *Gryzmish,* 218 Mass. 258.

The defendant's use of the word "agent" in the answer to the first interrogatory does not seem to us an admission that the driver was then acting within the scope of his employment. The driver was in the general employ of the defendant. The word "agent" was descriptive of the driver. The further answers do not imply anything with regard to the scope of authority or the nature of what the driver was doing. The argument is not forceful that knowledge that the truck was loaded, and of the weight of the load, implies that the work was being done at the moment for the defendant. No question was asked in regard to what was being done or for whom. No fact was inquired about that would show that the truck was loaded with articles belonging to the defendant or being conveyed for its purposes. Inference from the use of a word put into a question should not be allowed to take the place of evidence of facts in a matter where the burden of proof was on the interrogating party, and where he failed to inquire. The defendant had a right to say nothing and to require proof from the plaintiff. No

inference against it can be drawn from its failure to explain where the circumstances do not call for an explanation. Our decisions already cited make clear that the burden of explanation in this matter did not rest on the defendant. There are no such additional facts in this case as would justify the inferences that were held reasonable in *Breen* v. *Dedham Water Co.* 241 Mass. 217, *Conant* v. *Constantin,* 247 Mass. 76, and *McDonough* v. *Vozzela,* 247 Mass. 552.

There was no sufficient evidence that the driver although admittedly in the general employ of the defendant and driving its truck was acting at the moment in the scope of his employment.

The third request presents more difficulty. Where common experience teaches that an accident would not have taken place under the circumstances disclosed by all the observed facts with the fair inferences from them, if every person concerned had acted with reasonable care; there the happening of the accident furnishes, in itself, some proof of negligence. If the obvious neglect is that of the defendant or of some one for whose neglect he is in law answerable, a plaintiff has made out a *prima facie* case of negligence when the evidence shows such a situation. He is not compelled to go further and point out the particular act of carelessness.

The mere happening of a rear end collision does not prove negligence. *Reardon* v. *Boston Elevated Railway,* 247 Mass. 124. *Froio* v. *Eastern Massachusetts Street Railway,* 247 Mass. 474. *Sandler* v. *Boston Elevated Railway,* 238 Mass. 148. These cases call attention to the many conditions existing in the public highways which prevent a conclusion that rear end collisions must necessarily be due to carelessness. Where, however, as here, the uncontradicted evidence shows a broad, smooth highway with only a wagon at the extreme right and one, possibly two, trucks moving at a reasonable speed behind it, with the road open and free from vehicles for a long distance in front; and further shows that a truck struck the wagon from behind; the evidence certainly justifies, though it may not require, a conclusion that some one was negligent. *Vincent* v. *Norton & Taunton Street Railway,* 180 Mass. 104. It presents a situation where an ex-

planation is due, if something other than negligence is the cause of the happening; and it relieves the plaintiff from showing the particular act of carelessness. *McNicholas* v. *New England Telephone & Telegraph Co.* 196 Mass. 138. It is true that here the plaintiff himself put in an explanation; but this explanation came from the defendant; the jury might disbelieve it; and we think the plaintiff is not precluded from claiming that, since he saw no car other than the defendant's, there must be some error in the story of the defendant in regard to the Reo car.

The judge was not bound to give the third request.

The exceptions to the charge have been dealt with in what has been said of the third, fourth, and seventh requests. The charge was confused and inaccurate. The exceptions to the admission of evidence and to the refusal of the judge to give the third and the seventh instructions are overruled.

The first and fourth instructions should have been given; and, since there was no sufficient evidence that the defendant's servant was acting within the scope of his employment, the motion for a directed verdict for the defendant should have been allowed. The exceptions to these rulings are sustained.

*So ordered.*