GEORGE S. WASHBURN *vs.* R. F. OWENS COMPANY.

Plymouth.   November 18, 1926. — March 2, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Negligence,* Motor vehicle, In use of highway. *Motor Vehicle,* Operation. *Practice, Civil,* Interrogatories. *Evidence,* Presumptions and burden of proof, Interrogatories, Inference.

At the trial of an action of tort for personal injuries received when the plaintiff's wagon was run into by a motor truck of the defendant, there was evidence that there was no mirror or reflector on the defendant's truck as required by G. L. c. 90, § 7, that the driver saw the plaintiff's wagon three hundred feet ahead of him and continued approaching it with his right wheels within six inches of the tarvia edge of the road until he was twenty feet from the plaintiff, when he prepared to pass him on the left; that although he then could have seen ten feet behind his truck, he made no attempt to do so; that when he was in the middle of the road and about to pass the plaintiff, the truck was struck on its left front hub cap by another motor vehicle passing from his rear at a high rate of speed and was caused to veer over and hit the plaintiff's

wagon. *Held*, that there was evidence warranting a finding of negligence on the part of the driver of the defendant's truck.

A plaintiff who introduces in evidence answers by the defendant to interrogatories propounded by him under G. L. c. 231, § 61, is not as a matter of law bound by any of such answers in contradiction of which he introduces other evidence.

Every opinion of this court is to be read and construed in the light of the facts of the particular case and the precise point presented for discussion.

In an action of tort for damages alleged to have resulted from negligence, where certain facts justify an inference of negligence, such inference may be drawn in the absence of an explanation, either binding as a matter of law upon the adversary party or satisfactory to the fact finding tribunal as overcoming the inference otherwise permissible, or as counterpoising other evidence of a nature contrary to the explanation.

TORT for personal injuries and property damage suffered when a wagon of the plaintiff was run into from behind by a motor truck of the defendant alleged to have been driven by an employee of the defendant. Writ dated January 2, 1923.

The action previously was before this court when exceptions by the defendant after a verdict for the plaintiff were sustained by a decision reported in 252 Mass. 47.

The action then was tried before *Donahue*, J. The record states that the driver of the defendant's truck testified that he was driving along the road and was in the middle of the road about to pass the plaintiff when without warning something came from the rear and hit his front left hub cap a glancing blow causing the truck to veer over and hit the left rear tire of plaintiff's cart; that the horse immediately started into a dead run, going forward thirty-five or forty feet, then to the right into the woods; that he then saw that the object which struck his truck was an automobile which passed by him and disappeared in the distance without stopping, travelling at a rate of speed estimated at thirty-five to forty miles per hour; that he saw the plaintiff's wagon three hundred feet ahead of his; that he was travelling on the right side of the road, his right wheels being within six inches from the edge of the tarvia; that he did not prepare to go by the plaintiff's wagon "until I came within twenty feet of the rear of it"; that there was no reflector mirror on the defendant's

car; that the car was so constructed that he could see ten feet behind the same; and that he made no attempt to see what was coming from behind when he turned out to go by.

Other material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $4,000. The defendant alleged exceptions.

*A. E. Yont,* for the defendant.

*C. G. Willard,* for the plaintiff.

RUGG, C.J.   This action of tort to recover compensation for personal injuries and property damages alleged to have been received through the negligence of an agent of the defendant was before us in 252 Mass. 47, where a verdict for the plaintiff was set aside.   A second trial has resulted in a verdict for the plaintiff and the case is here now on the single question, whether the jury were justified as matter of law in finding that the injuries and damages were caused by the defendant's agent.   There are no exceptions to the charge and it must be presumed that full and accurate instructions were given to the jury.

The evidence on this point when the case was here before did not differ substantially from that shown on the present record.   It there was held that there was evidence for the consideration of the jury on the question of the causal connection of the negligence of the defendant's agent with the damage sustained by the plaintiff.   We remain content with the earlier decision on that point.   There was evidence tending to show negligence of the defendant and his agent apart from the mere fact of a rear end collision; there was no mirror or reflector on his truck as required by G. L. c. 90, § 7, last sentence, violation of which is punishable criminally under G. L. c. 90, § 9, *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass. 489, 496, 497; and the manner of the attempt to pass the plaintiff's vehicle, and all the circumstances, might have been found to constitute negligence of the defendant's agent.

The plaintiff introduced in evidence the defendant's answers to his interrogatories, which gave the defendant's version of the way the accident happened, to the effect that another automobile coming from behind struck the left front wheel of the defendant's truck, making it collide with the

vehicle of the plaintiff. There was testimony from the plaintiff tending to contradict these answers in that he saw no second automobile at the time of the accident. While his opportunity for observation was a factor to be considered in weighing his testimony, it cannot be said that these answers of the defendant to the interrogatories were uncontradicted. The law on this point is stated in *Boudreau* v. *Johnson*, 241 Mass. 12, 15, 16, in these words: "These answers to the interrogatories were offered by the plaintiff and were in no way contradicted by him; and in the absence of any contradiction he is bound by them. As was said by Mr. Justice Loring in *Minihan* v. *Boston Elevated Railway*, 197 Mass. 367, at page 373: 'Where a plaintiff puts in the defendant's answer to interrogatories he does not thereby bind himself to the truth of the facts therein stated. He could contradict the facts there stated by evidence. But until contradicted by evidence, the truth of the facts stated stands as against the plaintiff who puts in the defendant's answers.'" In *Woodman* v. *Powers*, 242 Mass. 219, at page 223, it was said with respect to answers to interrogatories put in evidence by the interrogating party: "The defendant contends that she [the plaintiff] is bound by the answers within the rule as stated in *Minihan* v. *Boston Elevated Railway*, 197 Mass. 367; while she would have been bound by the answers as to the truth of the facts therein stated, if uncontradicted, the testimony of the witness Quinn was to the contrary. Accordingly it was for the jury to determine the facts upon the conflicting testimony." G. L. c. 231, § 89. These repeated and carefully considered statements declare the law. They cannot be thought to have been affected or qualified in any particular by what was said when this case was here before, where, with respect to the explanation of the accident, referring to the answers to interrogatories, in 252 Mass. at page 55, are these words: "It is true that here the plaintiff himself put in an explanation; but this explanation came from the defendant; the jury might disbelieve it; and we think the plaintiff is not precluded from claiming that, since he saw no car other than the defendant's, there must be some error in the story of the defendant." These words

were used touching a case where the answers to interrogatories were contradicted by other evidence. They do not decide that, apart from such contradictory evidence, the jury might disbelieve the answers in interrogatories offered by the interrogating party. Every opinion is to be read and construed in the light of the facts of the particular case and the precise point presented for decision. *Swan* v. *Justices of the Superior Court,* 222 Mass. 542, 545.

The earlier decision did not rest upon the doctrine of *res ipsa loquitur,* but expressly was put upon circumstances disclosed by the evidence warranting a finding of negligence of the agent of the defendant. It often has been said in opinions that, where certain facts justify an inference of negligence, such inference may be drawn in the absence of an explanation. As illustrative see *Magee* v. *New York, New Haven & Hartford Railroad,* 195 Mass. 111, 113. That is an elliptical form of expression: It means, not any kind of an explanation, but an explanation either binding as matter of law upon the adversary party, or satisfactory to the fact finding tribunal as overcoming the inference otherwise permissible, or as counterpoising other evidence of a nature contrary to the explanation.

There was evidence which required the submission of the case to the jury on the question of the negligence of the defendant's agent.

*Exceptions overruled.*