CHARLES J. HENDLER *vs.* JAMES COFFEY.

· Suffolk.   February 1, 1932. — March 1, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Motor vehicle, In use of way, Res ipsa loquitur. *Evidence*,
  Presumptions and burden of proof, Competency, Of damages. *Dam-
  ages*, In tort. *Practice, Civil*, Appeal: whether error harmful.

Although the doctrine *res ipsa loquitur* was inapplicable, a finding that the
  defendant was negligent was warranted in an action of tort for per-
  sonal injuries on evidence that a taxicab in which the plaintiff was
  riding, after being stopped in traffic for about a minute at the extreme
  right side of a street, with other motor vehicles at its left and pedes-
  trians moving about nearby, was struck in the rear with considerable
  force by some part of an automobile operated by the defendant, who
  did not see the taxicab.
No reversible error appeared at the hearing of an action for personal in-
  juries in a municipal court in the admission of evidence that the
  plaintiff, who was the publisher of a magazine and did some other
  printing, suffered a reduction in his average monthly income from his
  business after the injuries, since the trial judge, at the request of the
  defendant, gave rulings which this court interpreted as meaning that
  such evidence was too remote for consideration, and it must be assumed
  by this court that the judge followed such rulings.

TORT.   Writ in the Municipal Court of the City of Boston
dated February 10, 1931.

The action was heard in the Municipal Court by *Good,*
J.   Material evidence and rulings by the judge are stated
in the opinion.   The defendant requested a report at the
time the judge admitted the evidence concerning the plain-
tiff's income.   The judge found for the plaintiff in the sum
of $5,000.   A report to the Appellate Division was dis-
missed.   The defendant appealed.

*B. W. Taylor*, (*G. L. Wainwright* with him,) for the
defendant.

*A. E. Yont*, for the plaintiff.

FIELD, J.   This action of tort to recover compensation
for personal injuries alleged to have been caused by the
negligent operation of an automobile by the defendant was

tried in the Municipal Court of the City of Boston and resulted in a finding for the plaintiff. The judge admitted certain evidence as to damages, subject to the defendant's objection, and refused to rule as the defendant requested that on all the evidence he was not negligent. The questions of law so raised were reported to the Appellate Division which ordered the report dismissed. The defendant appealed.

1. A finding that the defendant was negligent was warranted. The evidence was substantially as follows: The plaintiff was riding in a taxicab in downtown Boston. He was seated on the right side of the rear seat of the taxicab with another passenger at his left. The taxicab was stopped by a police officer at a street intersection to permit traffic to move on the cross street. It was at the extreme right of the street "ahead of one line of traffic and . . . there was other traffic going in the same direction." Other automobiles were at the left of the taxicab and pedestrians were moving about nearby. The taxicab had been standing approximately a minute when it was struck in the rear by the automobile operated by the defendant. The plaintiff "was thrown against some part of the cab striking the left side of his head . . . [and] was then thrown forward striking his head again and put his hand against the partition in front of him to avoid being thrown to the floor." The defendant did not see the taxicab. There was no evidence as to the part of the defendant's automobile which struck the taxicab or the part of the rear of the taxicab which was struck.

Evidence of the happening of a collision between the two motor vehicles — even if a rear-end collision — without evidence of the circumstances under which it happened is not proof of negligence of the operator of either of them. Such a collision is not within the rule *res ipsa loquitur*. *Washburn* v. *R. F. Owens Co.* 252 Mass. 47, 54. *Woolner* v. *Perry*, 265 Mass. 74, 77. Slight evidence of the circumstances, however, may place the fault. Where, as here, there is evidence that under the conditions of traffic disclosed a taxicab standing at the extreme right of

a street for an appreciable time was struck in the rear by another automobile with the force indicated by the result to this plaintiff, and the operator of the automobile striking the taxicab did not see it before the collision, circumstances are shown which, in the absence of any binding explanation to the contrary (see *Washburn* v. *R. F. Owens Co.* 258 Mass. 446, 450), warrant the inference that the operator of the moving automobile was negligent. See *Stone* v. *Mullen*, 257 Mass. 344, 346; *Woolner* v. *Perry*, 265 Mass. 74, 77; *Bryne* v. *Great Atlantic & Pacific Tea Co.* 269 Mass. 130, 131. A finding of negligence of the defendant was not precluded by the absence of evidence as to the part of his automobile which struck the taxicab. It was inferable that this automobile, to some extent at least, was behind the taxicab, else no part of it — front, side or rear — could have struck the rear of the taxicab. Whatever the fact as to the part of the defendant's automobile which struck the rear of the taxicab, it could have been found that the defendant was negligent in so operating his automobile that the collision occurred without his seeing the taxicab. The evidence goes far enough to show the reasonably probable cause of the collision and the plaintiff was not required to exclude other possible causes thereof (*Young* v. *New York, New Haven & Hartford Railroad*, 273 Mass. 567, 570), such, for example, as interference with the operation of the defendant's automobile by other automobiles or by pedestrians.

2. There was no reversible error in the admission of evidence. The plaintiff was the publisher of a magazine and did some other printing. He testified that "before the accident he worked steadily during the entire day," but that since the accident "he has not been able to work more than four hours per day . . . and is compelled to rest a good portion of the time." Over the defendant's objection the plaintiff was permitted to testify to his average monthly income for the year prior to his injury and for the year following it. This testimony showed a reduction in such income. The plaintiff was cross-examined at length as to his business activities. It is not contended

that the evidence referred to any income of the plaintiff other than that which he received from publishing the magazine and from other printing.  The judge, at the request of the defendant, made the following rulings: "Decrease in income is not an element of damage when it is interwoven with profits derived from a business in which capital is employed and to the success of which the service, skill and zeal of other[s] contribute"; "Personal earnings may. be considered as damage, but the more or less uncertain profits from a business venture arising from an investment and from ability in employing and managing labor cannot be taken into account"; "The uncertain profits of a commercial undertaking depending for its success upon other essential factors, besides this plaintiff's personal services are too remote to be of assistance in assessing the damages in this case."

Diminution of earning power due to physical injury is an element of the damages recoverable for such injury.  *Donoghue* v. *Holyoke Street Railway*, 246 Mass. 485, 493.  Evidence of wages, salary, or other income derived from personal services, and not interwoven with business profits, earned before and after an injury was sustained, for the purpose of comparison is admissible in proof of diminished earning power.  Business profits, however, though in part attributable to the personal services of the person injured are not admissible.  They depend upon so many factors other than the value of the personal services involved that a reduction of such profits is too remote to be considered in measuring diminution of earning power.  Such diminution must be proved in some other way.  The governing principles were stated in *Mahoney* v. *Boston Elevated Railway*, 221 Mass. 116, 117–118, and the rulings above quoted, so far as expressed in general terms, are substantially in the language of the opinion in that case.  See also *Bagley* v. *Kimball*, 268 Mass. 440, 441–442.

We interpret the judge's rulings, with the specific reference to "this plaintiff's personal services" and "this case," as intended to apply to the evidence before him, and as meaning that the evidence of the plaintiff's income from publish-

ing and printing was too remote for consideration. It is to be assumed that the judge followed his own rulings. Consequently, without further discussion of the admissibility of the evidence objected to, it is sufficient to say that the defendant was not harmed by its admission. *Newman v. Newman,* 211 Mass. 508, 509–510. *Washburn v. R. F. Owens Co.* 252 Mass. 47, 50–51.

*Order dismissing report affirmed.*