Pettingell, P. J.
Action of tort in which the plaintiff seeks to recover for damage to his automobile caused by a rear end collision in which the defendant’s truck ran into the plaintiff’s automobile. The plaintiff’s ownership of his automobile, its proper registration, the due care of its driver, the ownership by the defendant of the other car, the agency of the driver of the defendant’s automobile, the expense of the damage to the plaintiff’s automobile were not in dispute. The only issue between the parties was the effect to be given to the answers made by the defendant to certain interrogatories propounded by the plaintiff, and put in evidence by him.
The only witness was the plaintiff’s wife, who was the driver of the plaintiff’s car, and testified that something *2 having happened to the plaintiff’s car so that she could not “get” it to go, she parked the car on the extreme right, on a curve, put on the lights, “locked up the car,” set the brakes and went for help: that she came back about three-quarters of an hour later finding that the plaintiff ’s car had been pushed about twenty feet up the street from where she had left it, that the defendant’s truck was right in back of her car, that the back of the plaintiff’s car was “all stove in”, the damage to the plaintiff’s car being to the tank, the right rear fender and the bumper; and that the front end of the Edison truck, the defendant’s car, “was all caved in.” '
The defendant’s attorney, while not admitting that all the lights of the plaintiff’s car were lighted, agreed that the tail light was lighted. There was no cross examination of the witness and no further oral testimony was offéred by either party.
The plaintiff offered all the interrogatories to the defendant. Omitting the matter admitted or not in controversy, these answers contained the following statements.
“The defendant’s machine was proceeding in a southeasterly direction in the right hand lane on Cambridge Street, Woburn, and while making a curve in the road near the entrance to the Woburn Country Club, the defendant’s operator noticed an automobile parked at the right hand curb. The defendant’s operator then started bearing slightly toward the center of the road to pass this parked vehicle. He then noticed that there were two vehicles approaching from the opposite direction. The second vehicle which was approaching from the opposite direction was cutting the curve in the road and was not going to leave sufficient room for the defendant’s vehicle to pass between the on-coming vehicle and the parked car. In order to avoid a head-on collision, the defendant’s operator started pulling his car back into the right hand lane and at the same time applying his brakes to bring his vehicle to a stop. As soon as he- *3 applied the brakes, however, the car started skidding and sliding toward the curb and struck the plaintiff’s vehicle on the right rear end.
“The accident referred to in Interrogatory No. 7 (a) took place at the right hand curb on the southerly side of Cambridge Street at a point several hundred feet southeast of the entrance to the Woburn Country Club.
“The plaintiff’s automobile was parked from the time it was first seen until the accident took place.
“The surface of the street was wet and the braking conditions were good except at and near the location of the accident referred to in this interrogatory. Ice had formed on the street in the area covering the street surface from a point between the center line and the curbing on the southerly side where the accident took place. This condition existed for approximately 100 feet southwesterly of the point where the accident took place. The road at and near the point of collision is banked, with the lowest level of the slope being at the curb at the side of the road where the accident took place. Weather conditions at the time of the accident were good except for a slight ground fog in spots.
“There was nothing to obstruct the view of the defendant’s operator except the curve described above in answer to Interrogatory No. 7 (a).
‘ ‘ There were two automobiles approaching from the opposite direction. The first in line was traveling in the right hand lane and the second in line was traveling slightly toward the center of the street. When the defendant’s operator got out of his automobile after the collision, he noticed that the automobile which had cut the curve, forcing him over, was out of sight, but the one which had been approaching him from the opposite direction and traveling in the right hand lane was still in sight.
“There were no other persons in defendant’s automobile.
“Left front fender, radiator, radiator grill and frame (of defendant’s automobile) damaged.”
It was agreed between the parties that the street at the place of the accident was thirty-one feet wide.
*4 The defendant filed seven requests for rulings as follows:
“1. Upon all the evidence, the plaintiff is not entitled to recover as a matter of law. This is denied as I find as a fact in the light of all circumstances that the defendant’s car was operated negligently at such a speed as to cause the plaintiff’s automobile to be pushed forward for the distance of twenty feet even though said automobile had its brakes set.* 2. Upon all the evidence and as a matter of law, the Court cannot find that the defendant was negligent. This is denied as inconsistent with the facts found as I find as a fact in the light of all the circumstances that the operator of the defendant’s car was negligent. 3.- Upon all the evidence and as a matter of law, at the time of the accident declared upon, the conditions of the roadway at the place of the accident, and the weather conditions were such that the defendant was not responsible for the accident. This is denied as I find as a fact in the light of all the circumstances that the defendant was responsible for the accident.”
The defendant specified as to the foregoing requests, 1, 2, and 3, that the ground upon which the said requests are based is that the accident happened without negligence on the part of the defendant and was caused by conditions over which the defendant had no control and that the accident was unavoidable. It filed, also, the following requests:
“4. There is no evidence in this action that the defendant’s speed contributed to the accident. This is denied as inconsistent with the facts found as I find as a fact in the light of all the circumstances that the defendant’s speed did contribute to the accident. 5. On all the evidence and as a matter of law, the defendant was confronted with a sudden emergency for which he was not to blame, and if in such emergency, the Court finds that the defendant did not act intelligently and as a result, caused damage to the plaintiff’s automobile, the driver, nevertheless, is not negligent. This is de *5 nied as I find as a fact in the light of all the circumstances that the defendant was to blame for the accident. 6. Skidding of the defendant’s car is not in itself evidence of negligence. Granted. 7. Upon all the evidence in this action and as a matter of law, the skidding of the defendant’s car was not caused by any negligent act or omission of the defendant. This is denied as I find as a fact in the light of all the circumstances that this skidding of the defendant’s car was caused by a negligent act of the defendant.”
The court made the following Memorandum of Findings and Rulings.
“This is an action of tort to recover for property damage as a result of a collision between the automobile of the plaintiff and the automobile of the defendant. Counsel had agreed that if there is a finding for the plaintiff, the amount shall be $145.00.
“The operator of the plaintiff’s automobile testified that, while she was operating the car on Cambridge Street, Woburn, there was some difficulty with the mechanism of the car so that she pulled over to the right hand curb and parked it there. She further testified that she set the brakes, left the lights on and then went to a garage. Upon her return she found that the automobile operated by her had been pushed forward a distance of twenty feet and that the rear end was damaged; that directly behind her automobile was the automobile of the defendant, the front of which was dented in. It is agreed by counsel that the defendant’s automobile was being operated by the agent of the de- ' fendant acting in the course of his employment.
“After the testimony by the plaintiff’s operator, the plaintiff introduced in evidence all the interrogatories propounded by the plaintiff to the defendant.
“The defendant then rested.
“I find on the uncontradicted evidence, that the automobile parked by the plaintiff’s operator was parked properly with the lights on; that it was pushed for a distance of twenty feet by the force of this collision; that there was no contributory negligence on the part of the plaintiff’s operator.
*6 “The defendant’s testimony as outlined by its answer to interrogatories was in substance, that as he was about to pass the plaintiff’s car, there were two vehicles approaching from the opposite direction; that the second vehicle which was approaching from the opposite direction was cutting the curve in the road and was not going to leave sufficient room for the defendant’s vehicle to pass between the oncoming* vehicle and the parked car. In order to avoid a head-on collision, the defendant’s operator started pulling his car backing* into the right hand lane and at the same time applying his brakes to bring his vehicle to a stop. As soon as he applied hi,s brakes, however, the car started skidding and sliding toward the curb and struck the plaintiff’s vehicle on the right rear end.
“I therefore find for the plaintiff in the sum of $145.00.”
The contention of the defendant is that the plaintiff having put in evidence the defendant’s answers to the plaintiff’s interrogatories and not having contradicted them by other evidence, the defendant has established that it was not chargeable with negligence, for which reason the plaintiff cannot recover, the accident having been caused by conditions for which the defendant was not responsible. The defendant’s contention in this latter respect is that the accident happened because its car skidded on an icy road without fault of its driver and that, therefore, it is not to blame for the accident.
It is true that the plaintiff, having introduced the answers to the interrogatories propounded by him, is bound by those answers unless they are contradicted by other evidence in the case. Minahan v. Boston Elevated Railway, 197 Mass. 367, at 372. Boudreau v. Johnson, 241 Mass. 12, at 16. Washburn v. R. F. Owens Co., 258 Mass. 446, at 449. Slamin v. New York, New Haven & Hartford Railroad, 282 Mass. 590, at 592. But answers to interrogatories may be contradicted by oral testimony, Woodman v. Powers, 242 *7 Mass. 219, at 223; by other material evidence, Dome Realty Co. v. Cohen, 290 Mass. 36, at 39; or by inferences drawn from other evidence in the case. Smith v. Bay State Dredging & Contracting Co., 278 Mass. 24, at 30.
In this case there was oral evidence which tended to contradict the answers to the interrogatories, and permitted, also, the drawing of inferences tending to contradict the answers.
The one witness testified that when she returned to the scene of the accident “she found that the plaintiff’s automobile had been pushed about twenty feet up the street from where she had left it; that a Boston Edison truck was there and the back of her car was ‘all stove in’, the damage being to the tank, the right rear fender and the bumper; . . . the Edison truck was right in ¡back of her. car and the front end of the Edison truck ‘was all caved in.’ ” This evidence is to be taken with her other testimony that before she had left the plaintiff’s car to go for help she had put on the lights of the car, had set the brakes and had locked the car.
The testimony of the witness as to the damage to the two cars tended directly to contradict the answers of the defendant regarding the manner in which the accident happened. The operator of the defendant’s car answered that the plaintiff’s car was parked at the right hand curb when an approaching car caused him to put on his brakes and pull back into the right hand lane. As soon as he applied his brakes the defendant’s car started skidding and sliding toward the curb and struck the plaintiff’s car on the right rear end. The point of damage to the plaintiff’s car is stated in both the oral testimony and the defendant’s answers, as being the right rear end of the plaintiff’s car. The evidence before the trial judge presented the problem of a rear end collision in which one car about to pass a parked car, *8 skidded' so as to get behind that oar and struck it on the right side of the rear.
There was no damage to the left side of the plaintiff’s car nor to the defendant’s car except to its front end. This condition of the damage precludes any theory that the accident happened by a skidding or a sliding of the nature of a sideswipe. If there was any skidding or any sliding, it was of a nature which placed the defendant’s car directly behind the plaintiff’s car at a time when the defendant’s oar was operating at a considerable speed. See Hendler v. Coffey, 278 Mass. 339, at 341.
The trial judge found as a fact that the speed of the defendant’s car contributed to the accident and that the skidding of the defendant’s car was caused by a negligent act of the defendant’s operator.
The mere happening of a rear end collision does not "prove negligence. Washburn v. R. F. Owens Co., 252 Mass. 47, at 54. A collision under such circumstances is not governed by the rule of res ipso loquitur. Hendler v. Coffey, 278 Mass. 339, at 340. Slight evidence of the circumstances, however, may place the fault. Hendler v. Coffey, supra. The finding's of the trial judge that the speed of the de^ fendant’s car was excessive and contributed to the accident was warranted upon the evidence.
He had before him as evidence the fact that the plaintiff’s car was pushed ahead, with its brakes locked, twenty feet, and that the defendant’s.ear was right in back of the plaintiff’s car. That fact and the fact of the damage to the two cars were convincing evidence of the force of the blow with which the car in the rear struck the plaintiff’s ear. There was the further fact that the defendant’s car was a truck, undoubtedly a heavier car than the plaintiff’s. Another important fact is that the car in the rear followed the car ahead to the end of its forward movement.
*9 The marks and damage to the two cars was evidence from which inferences could be drawn. Jackson v. Anthony, 282 Mass. 540, at 543. The several parts involved and the strength of their resistance to force is an important matter. It is important in this particular that the defendant’s car received damage to its frame. The violence of a collision under such circumstances, is a material factor in determining responsibility for the collision. Hendler v. Coffey, 278 Mass. 339, at 341. Smith v. Hogan, 282 Mass. 573, at 574. Scott v. Lieberman, 284 Mass. 325, at 327. Jennings v. Bragdon, 289 Mass. 595, at 597.
The defendant has sought to minimize the force of the impact, evidenced by the distance that the plaintiff’s car was moved by the force of the blow, by stating that the plaintiff’s car was sliding on ice. There is, however, no evidence that the car travelled forward on ice. The only ice in the case is described in the defendant’s answer as being in the rear of the plaintiff’s car.
We believe that the trial judge was warranted in finding that the operator of the defendant’s car was negligent in approaching the parked car on the curve at too great a speed and that when he observed the approaching car, if the defendant’s car skidded, the skidding was due to his attempt to deal with an emergency which his excessive speed had caused. Spain v. Oikemus, 278 Mass. 544, at 546, 547.
The facts which the trial judge could warrantably find bring the case within the scope of those cases in which an explanation was due from the defendant if something other than negligence was the cause of the happening. Washburn v. R. F. Owens Co., 252 Mass. 47, at 54. This means not any kind of an explanation but one binding as matter of law upon the adversary party of satisfactory to the fact finding tribunal as overcoming the inference otherwise permissible or as counterpoising other evidence of a nature contrary *10 to the explanation. Washburn v. R. F. Owens Co., 258 Mass. 446, at 450. In the earlier of the two Washburn eases, the Supreme Judicial Court said, at page 55,
“It is true that here the plaintiff put in an explanation ; but the explanation came from the defendant; the jury might disbelieve it and we think that the plaintiff is not precluded from claiming that, since he saw no car other than the defendant’s there must be some error in the story of the defendant in regard to the Reo car.”
In that case the explanation of the defendant, referred to by the court as put in by the plaintiff but coming from the defendant, came from the defendant by way of its answers to the plaintiff’s interrogatories put in evidence by the plaintiff, and was contradicted by the plaintiff’s testimony that he saw no such automobile at the scene of the accident as the defendant described in its answers.
The explanation offered here by the defendant by its answers to the plaintiff’s interrogatories is definitely contradicted by the testimony given by the plaintiff’s witness and the inferences to be drawn from the positions and conditions of the two cars.
The defendant’s alleged error is the denial of six of the seven rulings requested by the defendant. These dealt with the insufficiency of the evidence to find for the plaintiff or to find that the defendant was negligent. What has been said herein disposes of the issues raised by each of the six requests.
No prejudicial error appearing, the report is to be dismissed.

 The trial court’s rulings and findings on each of the plaintiff’s requests for rulings are printed in .italics following the request.