HELEN LECH *vs.* JOSEPH S. ESCOBAR
(and a companion case [1]).

Bristol.   October 29, 1945. — November 27, 1945.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Negligence,* Motor vehicle.

A finding of negligence on the part of the operator of a motor bus was warranted by evidence of the circumstances in which the bus, with considerable force, ran into the rear of an automobile which had been stopped at an intersection "for about two or three minutes" and was visible to the bus operator.

TWO ACTIONS OF TORT. Writs in the Third District Court of Bristol dated December 19, 1941.

Upon removal to the Superior Court, the actions were tried before *Walsh,* J.

In this court the cases were submitted on briefs.

*F. E. Smith,* for the defendant.

*H. W. Radovsky & M. A. Goldberg,* for the plaintiffs.

WILKINS, J.   These are two actions of tort, one by the

---

[1] The companion case is by Joseph Lech against the same defendant.

female plaintiff for personal injuries, and another by her husband for medical expenses. The jury returned verdicts for the plaintiffs. The defendant's exceptions concern the denial of his motions for directed verdicts.

The only question is whether there was evidence of the defendant's negligence. The female plaintiff (hereinafter called the plaintiff) was riding on the front seat in an automobile operated by her sister, Sophie Guzwa, which on March 8, 1941, about 2 P.M. stopped on Pleasant Street at the corner of Mill Street, New Bedford, in the rear of two other automobiles which had stopped to permit the passage of traffic. There was a layer of snow on the street. After the plaintiff had remained seated in the standing automobile "for about two to three minutes," a bus, operated by the defendant, collided with the rear of the automobile, "doing some damage to the trunk in the rear," and the "car went forward into the car ahead." Sophie Guzwa testified that she stopped about five feet from the nearer of the two automobiles; that her "footbrake was set"; that as she sat there, she saw in the mirror the bus about fifty feet away coming from behind; that there was "no other traffic in the road," which was level; that the bus collided with the trunk, pushing it in, and "happened" to push her automobile into the one directly ahead; that the impact lifted the plaintiff off the seat up in the air; that the plaintiff's head snapped back, and she felt a sharp pain at the base of her neck and the end of her spine, and became unconscious; and that the witness talked with the defendant and asked for his registration and license number, but the defendant said that he was late, did not have time to give them to her, and had a schedule to make to Fall River.

There was no error. The mere happening of a rear end collision is no evidence of negligence, but slight evidence of the circumstances "may place the fault." *Jennings* v. *Bragdon*, 289 Mass. 595, 597, and cases cited. Here the automobile in which the plaintiff was seated had paused for an appreciable length of time at an intersection on a city thoroughfare with nothing to interfere with the defendant's vision, yet he drove his bus on a level surface against

the rear of the automobile with sufficient force to push in the trunk, to push the automobile forward five feet until stopped by the automobile in front, to lift the plaintiff off the seat, and to render her unconscious. This was quite enough to permit an inference of negligence. *Washburn* v. *R. F. Owens Co.* 252 Mass. 47, 54; *S. C.* 258 Mass. 446, 450. *Bryne* v. *Great Atlantic & Pacific Tea Co.* 269 Mass. 130, 131. *Hendler* v. *Coffey*, 278 Mass. 339, 340–341.

*Exceptions overruled.*