Cox, J.
In this action of tort the plaintiff seeks to recover for damage to his automobile alleged to have been occasioned by the negligence of the defendant’s servant or agent while operating the defendant’s automobile.
On February 7, 1947 the plaintiff’s automobile, unoccupied, was parked directly in front of the defendant’s automobile on Spark Street, in the city of Brockton. When the plaintiff returned to his automobile he found the front end of the defendant’s automobile resting against the rear end of his vehicle. There was damage to the front and rear of the defendant’s automobile as well as damage to the rear end of the plaintiff’s automobile. No direct evidence was introduced to explain what caused the vehicles to come together and cause the damage.
*113 This case was tried with a companion case by the same plaintiff, for the same damage, against one Everett A. Hopgood. Hopgood’s automobile was apparently behind that of the defendant. There was a finding for the defendant in each case.
In the ease against Old Colony Shoe Company the plaintiff filed four requests for rulings of law. The second and third of these requests were allowed. The first and fourth were denied.
The case was reported because the plaintiff claims to be aggrieved by the action of the judge in denying his first and fourth requests and “by failing to apply Nos. 2 and 3.” The second and third requests were to the effect that the plaintiff was not required to introduce evidence of specific negligence, and, that a mere denial of responsibility is not an explanation within the meaning of the law applicable to this case.
Even if it be assumed that the second and third requests, which the court allowed, raised questions of law pertinent to the proper decision of the case and that the judge’s finding for the defendant was inconsistent with his allowance of either or both of those two requests, the -plaintiff’s remedy was by a motion to correct the findings or by a motion for a new trial. Biggs v. Densmore, 323 Mass. 106:, (Mass. Adv. Sh. (1948) 769, 771).
The plaintiff has not been harmed by the denial of his request that the doctrine of res ipsa loquitur is applicable to the facts and circumstances of this case as disclosed by the testimony. The facts do not bring the case within the rule of res ipsa loquitur. Hendler v. Coffey, 278 Mass. 339, 340. The burden of proving negligence alleged against the defendant, its servant, or agent rested upon the plaintiff and while the plaintiff does not have “to exclude every possibility that the accident may have happened through *114 some cause other than the negligence of the defendant, in order to hold the defendant liable,” he is nevertheless “bound to introduce evidence enough to remove the cause from the realm of speculation, and [to] give it a solid foundation upon facts, for the harmful effect of which the defendant is responsible.” Eagles v. National Plate & Window Glass Co., Inc., 312 Mass. 463, 465. See also Ruffin v. Coca-Cola Bottling Co., 311 Mass. 514, 516.
There was no direct testimony to explain who was responsible for the collision involving the vehicles in question as a consequence of which the plaintiff’s automobile was damaged. Under the circumstances it would have been highly speculative for the judge to have inferred that it was the defendant’s automobile which caused the plaintiff’s damage. Both the front and the rear of the defendant’s automobile were damaged, so that if an inference were permissible it was far more likely that the defendant was as much a victim of careless driving as was the plaintiff. Apparently that was the point of view of the trial judge. The mere happening of a collision under the circumstances furnishes no evidence of' negligence and the record does not disclose any evidence which may properly place the blame on the defendant. Lech v. Escobar, 318 Mass. 711, 712. See also Ruffin v. Coca-Cola Bottling Co., 311 Mass. 514, 516. Hendler v. Coffey, 278 Mass. 339, 340. Because of the possibility, if not the certainty, that one or more vehicles other than that of the defendant may have been responsible for the damage which the plaintiff sustained, the doctrine of res ipsa loquitur does not apply, but, in any event, that doctrine, when it does apply, merely permits but does not require a finding of negligence. Liberatore v. Town of Framingham, 315 Mass. 538, 542. Hendler v. Coffey, 278 Mass. 339, 340.
*115 There was no error in the denial of the plaintiff’s first request. The fourth request was as follows: “In appraising the evidence in this case it is the duty of the court as matter of law to hold that in the ordinary experience of mankind a moving vehicle does not without negligence of those responsible for it come into collision with a stationary object.” The granting of this request would in effect have been a conclusion that it was the negligent operation on the part of the operator of the defendant’s automobile which caused the plaintiff’s damage. This request was properly denied as not applicable to the evidence. Bianchi v. Denholm & McKay Co., 302 Mass. 469, 472, 473; Harris, petitioner, 309 Mass. 180, 181. Bartley v. Phillips, 317 Mass. 35, 37, 38. The case of Bryne v. Great Atlantic & Pacific Tea Go., 269 Mass. 130, relied upon by the plaintiff, is to be distinguished. In that case there was direct testimony that it was the defendant’s vehicle operated by its servant that collided with an excavator standing on a public way close to a curb stone.
The trouble with the plaintiff’s case is that he has not sustained the burden incumbent on him to prove that the damage to his automobile was caused by the negligence of the defendant, its servant, or agent. We think the judge was right in refusing to enter the realm of conjecture or speculation which he would have had to do in order to have found in the plaintiff’s favor. The report is to be dismissed.