*Southern District*

## HARRY SEIGEL, ET ALS

v.

## VIVIAN B. WHITING

*Present*: Nash, P. J., Owen & Murphy, JJ.

Case tried to *Horrocks, J.* in the Third District Court of Bristol. No. 1391.

*Owen, J.* This is an action of tort for damages for personal injury and property damage sustained as the result of an automobile accident. The defense is a general denial and contributory negligence.

The car of the female plaintiff, operated by her husband, the male plaintiff was proceeding along a public way passing a line of cars parked on his right, one of which was the defendant's car. The plaintiff operator did not see the defendant car move at any time. As the plaintiff operator passed the

parked cars there was a thud and his car was pushed to the left side of the street into a car parked on his left. After the accident the plaintiff operator got out of his car, saw the defendant's car parked at the curb and exchanged papers with the defendant.

At the trial the defendant filed seven requests for rulings which were denied by the court. The court found for the plaintiffs.

Defendant's request number 2 was for a ruling that,

"As a matter of law there is no evidence before the court that the defendant was negligent."

The disallowance of this request was error.

There is no evidence in the report from which the defendant's negligence could be inferred. There is no evidence that the defendant's car at any time moved from its parked position. There is not even evidence that the plaintiff and defendant cars came in contact with each other.

It is clear that the plaintiff did not sustain the burden of proof. The mere happening of an accident is not evidence of negligence. The cause of the accident is left completely to conjecture. Conjecture cannot warrant a finding of negligence. *Rizzittelli v. Vestine,* 246 Mass. 391 and cases cited; *Reardon v. Boston El. Ry.,* 247 Mass. 124 and cases cited; *Froio v. E. Mass. Ry.,* 247 Mass. 474; *Helie v. Goldstein,* 338 Mass. 22 and cases cited; *Knox v. Lamoureoux,* 338 Mass. 167.

Allowance by the trial court of defendant's request number 2 would have resulted in a finding for the defendant. As stated hereto-

fore there was prejudicial error in the denial of said request.

The judgments for the plaintiff are to be vacated and judgment is to be entered for the defendant.

Bernard Kestenbaum, of New Bedford, for the Plaintiff.

Joseph W. Breen, of New Bedford, for the Defendant.