Fecteau, Francis R., J.
This is a personal injuiy action brought by the plaintiffs against the defendant *312 as a result of a motor vehicle collision. The plaintiffs occupied a motor vehicle that had stopped for a red light and were in a line of several cars. The defendant had come to a stop behind them. The case was tried before a jury on November 15-16, 2005.
According to testimony given by the defendant during the plaintiffs’ case-in-chief, his foot slipped off the brake pedal and his car rolled forward, coming into contact with the plaintiffs’ car, at a speed no greater than 5 m.p.h. There was no other evidence offered by either party as to how the accident happened. While liability was not conceded by the defendant, the case was more vigorously defended on the elements of causation and damages. The plaintiffs introduced as exhibits decisions of the judge of the District Court in their favor that came as a result of the first trial of this matter.
At the close of the plaintiffs’ case, they moved for a directed verdict. The court indicated that leave was being reserved to consider the motion following the verdict but would be inclined to act favorably should there be a finding by the jury of “no negligence.” The jury returned such a verdict.
The plaintiffs allege that the verdict was against the weight of the evidence and the law. The defendants oppose the motion. The motion comes before me, as the trial judge, and I consider it without a hearing.
Applicable Standards: (A) Judgment Notwithstanding the Verdict
As it was stated in Cambridgeport Savings Bank v. Boersner, 413 Mass. 432, 438 (1992):
[i]n considering a motion for judgment notwithstanding the verdict, “the judge’s task, ‘taking into account all the evidence in its aspect most favorable to the (non-moving party], [is] to determine whether, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, the jury reasonably could return a verdict for the [non-moving party].’ ” Tosti v. Ayik, 394 Mass. 482, 494 (1985), quoting Rubel v. Hayden, Harding & Buchanan, Inc., 15 Mass.App.Ct. 252, 254 (1983). The court will consider whether “anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn” in favor of the non-moving party. Poirier v. Plymouth, 374 Mass. 206, 212 (1978), quoting Raunela v. Hertz Corp., 361 Mass. 341, 343 (1972). “The inferences to be drawn from the evidence must be based on probabilities rather than possibilities and cannot be the result of mere speculation and conjecture." McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704, 706-07 n.3 (1990), quoting McNamara v. Honeyman, 406 Mass. 43, 45-46 (1989).
As with motions for directed verdict, conflicting evidence alone does not justify the allowance of judgment notwithstanding the verdict, nor does the fact that there was much evidence which would have warranted a contrary finding by the jury. A court must not substitute its judgment of the facts for that of the jury.
It has become axiomatic that “[t]he mere happening of an accident does not establish negligence on the part of the defendant, even in a case where the defendant’s vehicle strikes the plaintiffs vehicle in the rear. Reardon v. Boston Elev. Ry., 247 Mass. 124, 126; Hendler v. Coffey, 278 Mass. 339, 340. However, a finding of negligence in such a case may be warranted on slight evidence of the circumstances. Hendler v. Coffey, supra, at 340; Jennings v. Bragdon, 289 Mass. 595, 597; Buda v. Foley, 302 Mass. 411, 413; Lech v. Escobar, 318 Mass. 711, 712; Mazukna v. Powers, 333 Mass. 331, 333.” Olofson v. Kilgallon, 362 Mass. 803 (1973).
Here, the circumstances of the accident were simply and undisputedly that the defendant, while stopped behind the plaintiffs, allowed his foot to slip from its position on the brake pedal, allowing his car to move forward without regaining control of his vehicle in time to prevent colliding with the rear of the car the plaintiffs occupied. There was no conflict in testimony concerning the cause of the collision, nor any suggestion raised by the defendant or in the evidence that the plaintiff operator or anyone else had done anything to contribute to the happening of the accident. The defendant contends, however, that this was an accident without fault and that the jury must have so concluded. There was no support in the evidence for this view. The defendant was at fault; he failed to maintain control over his vehicle, he allowed it to go into motion and did not regain control until it collided with the plaintiffs vehicle.
Moreover, the trial of this case was under the provisions ofG.L.c. 231, §102C-104. The plaintiffs had recovered a judgment in their favor in the District Court and these decisions became prima facie evidence in this trial. The jury was instructed, consistent with appropriate law, that they were bound to decide the case as the judge of the District Court had done unless the defendant introduced believable evidence to contradict it. The defendant’s admission that his foot slipped off the brake pedal is not inconsistent with or contrary to the decision of the district court in favor of the plaintiffs on liability. Thus, the jury was bound to adopt the decision below, at least on the questions that concerned liability for the accident.
While issues concerning causation of harm and damages continue to be viable, I find that the admission by the defendant that his foot slipped off the brake constitutes evidence that no rational jury would fail to accept as sufficient to find a breach of the duty to exercise reasonable care under the circumstances, i.e., negligence, as a matter of law, even apart from the prima facie effect of the lower court decision. Therefore, on the plaintiffs motion, a partial judgment, on *313 the elements of the cause of action which comprises liability, is granted. A retrial, but limited to the issues of causation of harm and damages is required.
(B) Motion for a New Trial
Rule 50(c)(1) of the M.R.C.P. provides that, in the event a motion is allowed under part (b) of Rule 50 (motions for judgment notwithstanding the verdict), the court “shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial.” As Rule 59(a) states, a motion for a new trial may be granted for any reason such motions have heretofore been granted in the past.
“The grant or denial of a motion for ‘a new trial on the ground that the verdict is against the weight of the evidence rests in the discretion of the judge.’ Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 520, cert. denied, 493 U.S. 894 (1989), quoting Bergdoll v. Suprynowicz, 359 Mass. 173, 175 (1971). The judge, however; ‘should not decide the case as if sitting without a jury; rather, the judge should only set aside the verdict if satisfied that the jury failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law.’ Robertson, supra, quoting Hartmann v. Boston Herald-Traveler Corp., 323 Mass. 56, 60 (1948). Moreover, a judge should exercise this discretion only when the verdict ‘is so greatly against the weight of the evidence as to induce in his mind the strong belief that it was not due to a careful consideration of the evidence, but that it was the product of bias, misapprehension or prejudice.’ ” Scannell v. Boston Elevated Ry., 208 Mass. 513, 514 (1911).
In order for the juiy to have returned the verdict that it did, it must have decided that this accident occurred without fault. There is not only no basis in the evidence to support this view, there is a legally-compelled basis to conclude otherwise. The verdict, therefore, was so greatly against the weight of the evidence and the law that one may find, as a matter of law, that it was not due to a careful consideration of the evidence but was rather a product of bias, misapprehension or prejudice. Should the actions of the court in having allowed, in part, the defendant’s motion for judgment notwithstanding the verdict be reversed on appeal, it is the intention and judgment of this court that the defendant’s motion for a new trial should be allowed.
ORDER ON MOTIONS
Therefore, for the foregoing reasons, the motion of the plaintiffs for judgment notwithstanding the verdict is allowed, in part, on the elements of duty of care and breach of duty. A retrial is ordered on the elements of causation of harm and damages.
The alternative motion of the plaintiffs for a new trial is granted conditionally, in the event that the court’s action on their motion for judgment notwithstanding the verdict is reversed on appeal.